## CRAYTON AND OTHERS v. MUNGER, ADM'R.

Statutes which are in derogation of the Common Law rules of evidence, must be strictly complied with, by parties seeking their aid ; therefore, where a certified copy of a recorded instrument, is offered in evidence, under the provisions of the ninetieth Section of the Act of 1846, to regulate proceedings in the District Courts, (Hart. Dig. Art. 745,) the affidavit of the loss of the original or that the party cannot procure it, should be filed before the copy is offered.

An affidavit that the original, of which a certified copy is offered in evidence under the provisions of the ninetieth Section of the Act of 1846, (Hart. Dig. Art. 745,) to regulate the proceedings in the District Courts, "is not and never was in his possession ; and he does not know where the same can be found," is not a sufficient compliance with the terms of that Section, which requires an affidavit that the original "has been lost or that he cannot procure" it.

Appeal from Caldwell. On the trial, the defendants below (the appellants) offered in evidence, a certified copy, from the County Court, of a bond for title, made by the plaintiff's intestate in favor of one Adams. The plaintiff objected to the admission of the copy in evidence, on various grounds, among which were the want of filing and notice, and of the affidavit required by the statute. The defendants, thereupon,

offered the affidavit of the defendant Crayton, in which he averred that the original, of which that offered was a copy, "is not and never was in his possession; and he does not "know where the same can be found." The plaintiff objected to the sufficiency of the affidavit. The Court sustained the objection to the introduction of the copy, offered in evidence; and the only question, raised by the assignment of error, was as to the propriety of this ruling.

*A. J. Hamilton*, for appellants.

*N. H. Munger*, for appellee.

WHEELER, J. The statute (Dig. Art. 745) provides that "Whenever any party to a suit shall file among the papers "of the suit, an affidavit stating that any instrument of writ- "ing, recorded as aforesaid, has been lost, or that he cannot "procure the original, a certified copy of the record of any "such instrument shall be admitted in like manner as the ori- "ginal could be."

The statute is in derogation of the Common Law rules of evidence, and should be strictly complied with, by the party seeking its aid. Here, there was no attempt at compliance, by filing the affidavit of the loss of the original, among the papers of the cause, before offering the copy in evidence, as the statute manifestly requires. It was, however, perhaps within the discretion of the Court, to permit the affidavit to be offered without having been previously filed, if the Court was satisfied that the omission was an accidental mistake or oversight, and that the introduction of the evidence would not operate a surprise upon the opposite party. But where the Court, in the exercise of its discretion, has refused to admit the evidence, under such circumstances, we should hesitate much, to disturb its judgment.

But the affidavit, not only was not filed as the statute requires; but in its substance, it does not conform to the statute.

That requires the party to make affidavit either, 1st. that the original has been lost; or 2nd. that he cannot procure it; in order to lay the foundation for the admission of the secondary evidence. But the affidavit offered was, 1st. that the original was not and never had been in the possession of the party, which manifestly is not equivalent to saying it was lost; and second, that he does not know where it can be found; which is not equivalent to saying he could not procure the original. The affidavit does not imply that any inquiry or search whatever, had been made for the original; whereas the affidavit required by the statute, plainly does imply this. To warrant a party in swearing that he cannot procure an instrument, he must first have made some effort to procure it, or have learned that it is beyond his reach. Although the party here, makes affidavit that he "does not know"—in the present tense—where the original can be found, it does by no means follow that by inquiry or search, and the use of reasonable diligence, he might not have procured it. The affidavit should contain a substantial compliance with the statute, to enable the defendant to introduce the secondary evidence prescribed; which, we are of opinion, the present affidavit does not. The Court, therefore, did not err in rejecting the evidence; and the judgment is affirmed.

Judgment affirmed.