## L. P. BUTLER v. A. F. DUNAGAN.

The power of attorney was acknowledged by the maker, before a Primary Judge, who was *ex officio* a Notary Public, (Act of 20th January, 1836. Sec. 4, Laws of the Provisional Government,) and that, we think, was sufficient to admit it to record, under the Act of 1841.

Where a registry Act confirmed the registry of all deeds which had been theretofore registered, provided they had been authenticated in a certain manner previous to their registry ; and also prescribed the same mode of authentication for all deeds thereafter to be made and recorded, it was held that a deed which was thus authenticated before the Act, but not registered until afterwards, was duly registered.

The statutory mode prescribed for the admission of secondary evidence of recorded instruments where the original cannot be procured, must be strictly complied with. (Hart. Dig. Art. 745.) The affidavit, if made by any person, other than a party to the suit, should exclude the supposition that the party has it in his power to produce the original ; if made by an agent, it is not sufficient to state that he, the agent, cannot procure the original.

Where the bill of exceptions to the exclusion of evidence does not state the ground of objection to the evidence in the Court below, and there is reason to believe that the evidence was excluded on a ground which the party did not have it in his power to obviate, but which was really not a good ground of objection, the ruling will not be sustained on another ground, which is good, but which might have been obviated if it had been taken in the Court below.

That the constituent of a power of attorney was dead before the execution of the power by the attorney, is not an objection to the admission of the power in evidence, but to the execution of the power by the attorney.

Appeal from Smith. Tried below before the Hon. John H. Reagan.

Suit by appellant against appellee to recover a tract of land, part of William Luce's headright. Bill of exceptions as follows : Plaintiff introduced as evidence the original testimonio or grant from the Government of Coahuila and Texas, to William Luce, citizen of David G. Burnett's colony ; Luce's deed to David A. Hoffman ; then offered in evidence a certi-

fied copy of a power of attorney from said Hoffman to Melville Crossman and Samuel Katharins, or either of them, to sell and convey all " my right, title and interest in and to such pieces, parcels or tracts of land, the titles of which I have placed in their hands to sell or transfer for me ; " * * * " the titles which I have placed in their hands to sell are titles which were granted to citizens by the legal authorities of the Republic of Mexico ;" dated July 14th, 1836, with two subscribing witnesses ; certificate of acknowledgment as follows : David A. Hoffman this day personally appeared before me, James Gaines, Primary Judge of the District of Sabine, and acknowledged the foregoing power of attorney to be his act, in the presence of my assisting witnesses. Given under my hand this 14th July, 1836.

JAMES GAINES, First Judge.

JOHN B. GAINES.

W. L. SCOTT.

Then followed a certificate by the Clerk of the County Court of Nacogdoches county, dated December 20th, 1845, to the effect that on that day Charles S. Taylor and Adolphus Sterne, citizens of said county, appeared before him and declared on oath that they were acqnainted with David A. Hoffman in his life time ; that they had seen him write frequently, and from their knowledge of his hand writing, believed his name written to the foregoing power of attorney to have been signed by him.

Same day filed for record ; copy certified by the Clerk of the Court March 3d, 1856.

The said copy was filed May 26th, 1856. On the 19th of December, 1856, an affidavit was filed as follows :

STATE OF TEXAS, *County of Smith.* Personally appeared before me, A. J. Ellis, Clerk of the District Court for said County, James C. Hill, agent for L. P. Butler, who being duly sworn, says that the original instrument of conveyance from Crossman to Katharins, of which he has filed in this suit

Butler v. Dunagan.

a transcript properly certified, is either lost or mislaid, or so situated that he cannot procure the same. He also states that he cannot procure the original of Crossman's power of attorney from D. A. Hoffman; and that he cannot procure the original of any of the copies which he placed on file, except the deed from Luce to Hoffman. (Signed and sworn.) The bill of exceptions 'then continued as follows : The reading of which said power of attorney was objected to by defendant, and objections sustained by the Court, to which plaintiff excepts.

Then followed similar exceptions as to exclusion of copy of deed from Crossman as attorney for Hoffman, to John S. Thorn; copy of deed from Thorn to Katharins and Crossman; copy of deed from Crossman to Katharins; copy of power of attorney from Katharins to H. H. Edwards; copy of deed from Edwards as attorney of Katharins to James C. Hill; deed from James C. Hill to L. P. Butler. All the copies referred to were on file at the date of the affidavit of the plaintiff's agent, as to his inability to procure the originals. There was a statement of facts as follows :

We hereby agree that the plaintiff read in evidence to the jury the testimonio or original grant from the Government of Coahuila and Texas to William Luce, set out in the foregoing bill of exceptions ; snd also a transcript of the deed from Luce to Hoffman, set out in the foregoing bill of exceptions. Defendant offered no testimony, and the foregoing are all the facts produced on the trial. The bill of exceptions referred to the instruments where they had been copied previously in the record ; but did not refer to the deed or copy thereof from Luce to Hoffman, but stated briefly as above, that plaintiff gave in evidence Luce's deed to Hoffman. There was in the record a certified copy of Luce's deed to Hoffman, which had been filed with the others on the 26th of May, 1856. Verdict and judgment for defendant, &c.

*G. W. Chilton*, for appellant. The defendant in the Court

below objected to the introduction of the power of attorney
from Hoffman to Crossman and Katharins, upon the ground
that the officer before whom the acknowledgment was made,
was not such an official as was authorized by law to take such
acknowledgment ; and the objection was by the Court below
sustained. It is true that plaintiff offered his succeeding muni-
ments of title, which were all objected to, and objections sus-
tained, upon the ground that the chain of title had been bro-
ken ; and without stopping to present the error which was in
that ruling of the Court, I will proceed to the presentation of
the question which was fatal to the appellant in the Court
below, and upon which the appeal here hinges. Did the
Court err in excluding the power of attorney from Hoffman to
Crossman and Katharins ?    As before stated, the only objec-
tion urged was as to the power of a " First Judge " to take
acknowledgements. That such an office and such an officer
existed at that time is one of those facts which I presume this
Court judicially knows ; but I beg to submit the following ref-
erence : Arts. 5 and 6, pp. 6 and 7 of the Ordinances and De-
crees of the Consultation ; by which it will be seen that a
provisional judiciary was created to consist of two Judges for
each Municipality or District ; one to be styled "First Judge,"
and the other Second Judge ; and that the duties and juris-
diction of those Judges are clearly defined. Again, the pow-
ers of such Judges are declared in Sec. 4, p. 136 of the Decree
of 22d January, 1836, from which it will be seen that " First
Judges " were fully authorized and empowered, amongst other
things, to do all notorial acts. The District of Sabine was cre-
ated on the 15th day of December, 1835. (Ordinance and
Decrees, p, 89.)

That the office of " First Judge," was established at a time
previous to the 14th day of July, 1836, and was in existence
at that time, I regard as too well settled to admit of a doubt ;
and under the authorities cited, I can really come to no other
conclusion than the one involving the necessity of regard-

ing the acknowledgment by Hoffman of the execution of the power of attorney to Crossman and Katharins as in strict compliance with the then existing laws, and valid to all intents and purposes. If this conclusion be correct, need I for the purposes now in view, go further into the investigation of this case ? Here arises the first and most fatal error to appellant's interest, for which it is believed the cause must be remanded.

I would refer the Court to p. 154, Secs. 31, 33, Laws of the Republic of Texas ; Decree No. 275, p. 253, Laws and Decrees of Coahuila and Texas, from 1824 to 1835.

I apprehend that, in the other branch of this case, appellee's counsel has mistaken the application of the Arts. 2776, 2777 and 2792 Hart. Dig. ; they being intended to reach and embrace a different class of cases entirely ; for instance, where no acknowledgment of the execution of the instrument had ever been made. Here however is an express acknowledgment by the original executor of the power of attorney, that it was his act, clearly for the purposes required by law, to give such instruments legal validity." (Hart. Dig. Arts. 2790, 2794.)

*T. W. Jones*, for appellee. The testimonio from the State of Coahuila and Texas to William Luce, and the deed from Luce to D. A. Hoffman, were read in evidence in the Court below by consent.

The next evidence offered was a copy of a power of attorney from D. A. Hoffman to Melville Crossman and Samuel Katharins. This was properly excluded by the Court, because the original was not authenticated for record according to the forms of law. It was authenticated for record after the Act of 5th February, 1841, and this Statute authorizes no such authentication as this. (See Hart. Dig. Arts. 2776, 2777.) I can find no previous Statute which authorizes the authentication of such an instrument as this in the manner in which this was done. The Statute of the 12th of May, 1846, passed several months after this authentication was made, provides for the authentication of any instrument of writing where the surviv-

ing witnesses are dead or their place of residence unknown, or where they reside out of the State. But an affidavit that the subscribing witnesses are dead or their place of residence unknown, or that they reside out of the State, must be attached to the instrument of writing ; and then the instrument of writing may be recorded upon proof of the hand writing of the maker of the instrument, and that of one at least of the subscribing witnesses. This evidence shall be by deposition, &c. (See Hart. Dig. Art. 2792.)

Even if the power of attorney had been authenticated and recorded after the passage of this Act, it does not conform to its requirements in several respects. The affidavit of the death, &c., of the maker is not attached to the power of attorney, nor is it to be found in the record.

There was no proof at all of the hand writing of either one of the subscribing witnesses. But this Act cannot be applied to the authentication of this power of attorney, as the power was authenticated on the 20th December, 1845, and this Act passed the 12th May, 1846.

Again, the copy or certified transcript was properly excluded, because there was no such affidavit of the loss of the original power of attorney, or that it could not be procured as the Statute requires. (See Hart. Dig. Art. 745.) This Statute requires that the affidavit should be made by a party to the suit ; and the language is imperative. Here the affidavit was made by one J. C. Hill, who styles himself the agent of plaintiff.

But if the Court should be of the opinion that the Court below erred in excluding the certified transcript of the power of attorney from D. A. Hoffman to Crossman and Katharins, upon the grounds that it was not properly authenticated, and that the affidavit of an agent was not sufficient to make the certified copy admissible evidence in the absence of the original, it ought to have been excluded upon another ground. The affidavit of the witnesses who proved the hand writing of

D. A. Hoffman, when the power of attorney was presented for authentication and record, shows that D. A. Hoffman was at that time dead. And the deed from Crossman as attorney of Hoffman to John Thorn, shows by a recital in it ("David A. Hoffman, late a resident of said county,") that David A. Hoffman was dead at the time of the execution of this deed.

WHEELER, J. Although it is not so stated in the bill of exceptions, there can be little doubt that the copy of the power of attorney was excluded on the ground that the original was not properly authenticated to admit it to record. Under the Act of the 5th of February, 1841, (Hart. Dig. Art. 2777,) the proof of hand writing may not have been sufficient, not being made by a subscribing witness. But the power of attorney was acknowledged by the maker before a Primary Judge, who was *ex officio* a Notary Public, (Act of the 20th January, 1836, Sec. 4, Laws of the Provisional Government,) and that, we think, was sufficient to admit it to record, under the Act of 1841, without other acknowledgment or proof. If it had been recorded upon that acknowledgment, before the Act of 1841, it would have come clearly within the provision of the 20th Section of the Act. (Hart. Dig. Art. 2776.) In terms, the 21st Section applies to instruments thereafter to be made and recorded ; but we do not think a literal construction would give effect to the Act according to its spirit and intention. If when presented for record, the deed had been duly acknowledged before the proper officer, it could make no difference whether the acknowledgment was made before or after the passage of the Act. If acknowledged before, it could not have been intended that the acknowledgment should be again repeated. The Act was intended to remove objections to the sufficiency of the registry of deeds, upon such acknowledgments, and to provide for their recording in future. It was a healing and enabling Statute, and ought to be construed liberally.

To exclude this instrument from its operation, because acknowledged before its passage, where if before recorded upon the same acknowledgment, it would have been within its operation, would be an extremely narrow and strict construction, and such an one as, in our opinion, would not be in harmony with the legislative intention, and the manifest spirit and intention of the law.   We think, therefore, the instrument was sufficiently authenticated to admit it to record.

It is objected that the copy was not admissible, because the affidavit of Hill, the agent of plaintiff, is not a compliance with the law providing for the admission of such copies. (Hart. Dig. Art. 745.)  If there was any reason to suppose this the ground of the ruling of the Court excluding the evidence, we might affirm the ruling.   There ought to be a strict compliance with the Statute, it being in derogation of the Common Law rules of evidence.   (Crayton v. Munger, 11 Tex. R. 234.) The affidavit, if made by any person, other than a party to the suit, should exclude the supposition that the party has it in his power to produce the original, which this affidavit does not; it states simply that he, the agent, cannot procure the original.   It does not follow that the party could not.   But it is evident the evidence was not excluded on that ground; for the same objection had been previously overruled in the admission of other evidence.   Had the Court sustained the objection, it might have been obviated by the filing of a proper affidavit; which it would have been within the discretion of the Court to admit, as we intimated in Crayton v. Munger. (Ib.)   Now to affirm the judgment on a different ground from that on which the Court below acted, when it is too late for the party to cure the objection, as he might have done, if the opinion of the Court had not been with him upon that question, would be manifestly unjust ; and it would be, in effect, to affirm the judgment by reversing the decision of the Court below.

It is further objected that the power of attorney had been

revoked by the death of the maker, before the execution of the power by the conveyance to Thorn. That might be a good objection to the admission of the deed in evidence, but not the power of attorney. The Court could not assume, upon the production of the power of attorney, that the plaintiff would not prove by competent means, that there was an interest accompanying the power; or that it was in fact executed before the death of the maker.

The only question really presented for revision upon the division of the Court below is, whether the power of attorney was properly authenticated to admit it to record; and we are opinion that it was; and that the Court therefore erred in excluding it; for which error the judgment is reversed and the cause remanded.

Reversed and remanded.