RICHARD HOOPER ET AL. V. FUTRELL HALL.

The right of H to sue for the use of P, in an action of trespass to try title, as he might do in an action of debt, is denied. (Paschal's Dig., Arts. 10, 5292, 5293, Notes 226, 1142, 1143.)

The first statute to authorize the county court to decree a specific performance against an administrator was passed on the 2d February, 1844. Prior to that time the court had no such jurisdiction. (Paschal's Dig., Note 487, p. 315; Hart. Dig., Art. 1070.)

By the act of 1840 that court could make partitions, but could not compel a specific performance. (Hart. Dig., Art. 1031.)

But such records, although not instruments of title, might properly go to the jury with the original title-bond of the intestate, as an admission of compliance.

A tenant in common, though holding by the title-bond merely, may recover the severed part of the freehold from a mere trespasser. Against such trespasser the plaintiff need not prove a compliance with the conditions which would entitle him to a specific performance.

The foundation for the use of secondary evidence, under the 90th section of the act to regulate proceedings in the district court, should be upon affidavit of loss; not mere inability to produce the deed, without any averment of diligence. (Paschal's Dig., Art. 3716, Note 840.)

APPEAL from Harrison. The case was tried before Hon. M. D. ECTOR, one of the district judges.

The suit was an action to try title by Willie J. Perchman, "who sues for the use of the heirs of Jesse Perchman," (naming them,) and for the recovery of the west half of the Amy Dunman league and labor. The defendant plead not guilty. The death of Hooper was suggested, and his administrator was brought in by *scire facias*. The deaths of several Perchmans were suggested, and their representatives were made parties to the suit. The partition of the Perchman tract made among the heirs in the county court, and the deed of the administrator were excluded, and a verdict rendered for the defendant; from which the plaintiff appealed.

The plaintiff proved the patent to Amy Dunman, and a title-bond from Amy to Richard Hooper for one undivided

half of said land, dated 13th April, 1839.    He then offered
to prove a proceeding in the county court of Shelby county,
by which a specific performance was ordered of the title-
bond, without objection, on the 26th December, 1842, and
commissioners of partition appointed, upon whose report
it was decreed, that the administrator of Amy Dunman
make a deed to Hooper for the half of the land sued for,
and also the administrator's deed, in accordance with the
decree.    These were objected to and excluded, on the
ground that, in 1842, the county court had no power to
grant a specific performance and order a partition.

The plaintiff also offered the copy of a deed from some
of Amy Dunman's heirs for this same land.

The attorney of the plaintiff swore, "that he could not
procure the original deed," and hence the copy from the
record of the deed was offered.    A general objection to
this deed was sustained, and it was excluded.

The defendant seemed to be in possession without title,
and produced no evidence.

Therefore, as the case appeared, if the partition was
valid, Hooper was the legal owner of a divided half of the
land; but if the partition was properly excluded, then he
was the equitable owner with the heirs of one-half of the
land.    Why he sued for the use of the heirs of Jesse Perch-
man does not appear in the record.    The suit was con-
ducted as though he sued as the equitable and legal owner
in his own name.

There was an able brief for the appellant, not signed by
any one.


*M. J. Hall*, for appellee.—There is believed to be no
error in the judgment of the court below.  The first assign-
ment of error is, that the court erred in ruling out the
transcript of the records of the county court of Shelby
county, showing a partition of the Amy Dunman league
of land between Richard Hooper and the Dunman heirs.

There is no error here, as there was no existing law authorizing that proceeding. The partition appears to have been made on the 3d day of January, 1843. This proceeding appears to have been begun under the 37th section of the law of the 5th of February, 1840. (Hart. Dig., Art. 1031.)

The deed from Lewis Watkins to Richard Hooper, dated 18th January, 1844, was also properly rejected, because made without authority. His authority for making it was a void judgment of the probate court of Shelby county. The judgment was void, and the deed made under it is void.

On the 3d day of February, 1844, an act was passed (Hart., Arts. 1040–1071) conferring upon the probate court jurisdiction on this subject; but this was long after the action of the Shelby court, and after the deed from Watkins to Hooper. Hence both judgment and deed were void from the beginning, and were properly rejected as evidence. This disposes of the second assignment of error.

MOORE, C. J.—That a suit may be brought in the name of one person for the use of another is expressly recognized in the statute regulating proceedings in the district court, (Hart. Dig., Art. 701,) [Paschal's Dig., Art. 10,] and suits of this character are of familiar use when moneyed demands are the foundation of the action. In such cases the allegations of the petition are tantamount to a previous assignment of the debt, and in effect pass the legal title to the judgment, by this admission of record, to the previous equitable owner of the debt. But to engraft such character of suit on our action of trespass to try title seems to us a novelty, which receives no countenance from the principles upon which, in this form of action, suits are founded, or the well-established practice in our courts in suits "for damages and to try title" to land. If such forms of action are to

come in use, a new assurance of title to real estate will be sanctioned, contrary .to the letter and spirit of the law regulating conveyances. . We may further remark, that we are left in much doubt by the record whether, after the death of the original plaintiff, Hooper, the suit was prosecuted by and in the name of his administrator, or in that of the alleged beneficiaries and solely for their use.

But as no objection has been made by appellee, either here or in the court below, to the manner in which the suit was brought and prosecuted, we have deemed it necessary to say only so much as we have, that it might not be inferred from our silence that we intended to sanction or encourage the novelty in the action of trespass to try title disclosed in this record.

The proceedings in the county court of Shelby county, for the partition of the Amy Dunman league of land between Hooper and the Dunman heirs, appears to have been begun under the 37th section of the law of 5th of February, 1840. (Hart. Dig., Art. 1031.) This law gave to the probate court authority to order the partition of lands held in common by the succession and the applicant for such partition; but the court had no jurisdiction in cases for specific performance of contracts, or to hear and determine upon the validity of lands, or other imperfect titles. It was not until the passage of the act of February 2, 1844, (Hart. Dig., Art. 1070,) [Paschal's Dig., Note 487, p. 315,] that the court was invested with that power. Until that time, it was limited merely to making partitions, irrespective of any question of title. It must be held, therefore, that the transcript from the records of the county court of Shelby county, and the deed of the administrator of Amy Dunman, made in pursuance of the order of said court for carrying into effect its decree of partition, cannot be regarded as instruments of title, vesting the land in dispute in Hooper; and, so far as they were relied upon as having this effect, the objection to them was well taken.

We think, however, these instruments may have properly gone to the jury, in connection with the bond of Amy Dunman to Hooper for an undivided half of her head-right league of land, for the purpose, if that were deemed necessary, of showing an admission on the part of the administrator and guardian of the heirs of said Amy that said land had been located and the patent obtained by Hooper, as stipulated in said bond.

In the cases of Croft v. Rains, 20 Tex., 520, and Grassmeyer v. Beeson, 18 Tex., 753, it has been held by this court, that a tenant in common (and in the first case he held only a bond for title) may recover a specific portion of the tract from a trespasser. And, since the seizin of such tenant extends to the entire tract, there certainly can be no doubt of the correctness of the ruling in our courts, when an equitable title will sustain this action.

It is urged by appellees that this bond did not authorize a recovery of the land in controversy by appellant, because there was no proof offered that the conditions of the bond had been complied with by Hooper. We have seen that in this they were mistaken. But, if they were not, I can see no force in the objection. If the suit was being prosecuted against any one holding in privity with Amy Dunman, it would be necessary, unquestionably, for the plaintiff to show a compliance with the conditions of the bond to justify a recovery. But this is not the rule when the suit is against a naked trespasser or stranger to the title. Such party may be ejected either by the vendor or vendee. If there are matters of dispute or unadjusted equities between them, he has no interest in them and cannot bring them into controversy. Either party may recover the land from him, and such recovery will inure to the benefit of that one who may be entitled to it upon an adjustment between themselves of their respective equities. (Wright v. Thompson, 14 Tex., 558.)

The affidavit which it is insisted authorized the introduc-

tion in evidence of the copy of the deed claimed to be from the heirs of Amy Dunman to Hooper, seems hardly to come up to the requirements of the former decisions of this court. It is said in the opinion in the case of Butler v. Dunagan, (19 Tex., 566:) "There ought to be a strict compliance with the statute, it being in derogation of the common-law rules of evidence. (Crayton v. Munger, 11 Tex., 234.) The affidavit, if made by any person other than a party to the suit, should include the supposition that the party has it in his power to produce the original, which this affidavit does not. It states simply that he, the agent, 'cannot procure the original.'"

The declarations of a party while in possession of land, stating the nature and character of the possession which he claims, and the person under whom he holds, may be given in evidence as a part of the *res gestæ*, accompanying the act of possession and explanatory of it.

The exclusion of proof of the admissions by the Perchmans, showing under whom they settled upon and occupied the land, was in violation of this well-settled general rule, and therefore improper. That the plaintiff, in his petition, states that he brings suit for the use of these parties would have been a reason for an exception to the petition, or for a motion to have this part of it stricken out, but furnishes no ground for excluding the proposed evidence.

The judgment is reversed, and the cause

REMANDED.