### DANIEL CAVIT v. J. P. ARCHER ET AL.

EVIDENCE—TRESPASS TO TRY TITLE—AUTHENTICATION.—In trespass to try title, the plaintiff, after making affidavit to the loss of the original, offered in evidence a certified copy from the records of the proper county of what purported, on its face, to be a deed from Henry Millard as attorney in fact for George W. Glasscock. It was authenticated for record by the affidavit of a subscribing witness only, as follows, viz.: "REPUBLIC OF TEXAS, *county of Milam.*—Before me, Nathaniel C. Raymond, special deputy for Arthur Eldridge, clerk of the County Court of Milam county, for this purpose personally came and appeared Thomas Dillard, one of the witnesses to the foregoing instrument, who acknowledged his signature as such and made oath that he saw George W. Glasscock sign the same as the attorney in fact for Henry Millard, for the purposes therein expressed. Given under my hand and seal, there being no seal of office, this first day of June, A. D. 1843.—N. C. RAYMOND, special deputy for Arthur Eldridge, clerk": *Held,* To have been properly excluded.

APPEAL from Milam. Tried below before the Hon. Spencer Ford.

Daniel Cavit brought this suit against J. P. Archer and others, defendants below, in the District Court of Milam county, to the September Term, 1872, in trespass to try title, to recover possession of a league of land patented to George W. Glasscock, assignee of William Pharas, situated in Milam county, describing the land by metes and bounds, and claiming title to and possession of the same on the 20th of March, 1870, when defendants entered and dispossessed them.

Prior to the January Term of the court, 1873, the defendants below filed their answer, setting up (1) a general demurrer, (2) a plea of not guilty, (3) plea of the statute of limitations of three and five years, (4) a suggestion of adverse possession for one year in good faith, and (5) valuable improvements.

At the same time and in the same answer Henry Millard, the vendor of defendants, made himself a party, alleging that

he was the equitable owner, defended the suit, and adopted the answers of defendants.

At November Term, 1877, verdict and judgment for Archer *et al.*, from which Cavit appealed.

*J. B. Buckholts, F. W. Chandler,* and *W. M. McGregor,* for appellant.

I. The proof by the affidavit is sufficient to establish a reasonable presumption of the loss of the original, which is shown by its date to be an ancient instrument. (Wallace *v.* Wilcox, 27 Tex., 60; White *v.* Burney, 27 Tex., 50; Hurley *v.* Barnard, 48 Tex., 88; Veramendi *v.* Hutchins, 48 Tex., 553.)

The deed was made on the 10th of January, 1842, or 1843, thirty-four or thirty-five years before it was offered as evidence in this cause.

II. The deed from George W. Glasscock, by his attorney, Henry Millard, to John H. Desmond, was properly recorded.

The certified copy of the deed from Glasscock to Desmond showed the original was made by Millard as the attorney in fact of Glasscock, witnessed by Thomas Dillard and John B. Jones, containing a clause of general warranty. (McKissick *v.* Colquhoun, 18 Tex., 149; Fulton *v.* Duncan, 18 Tex., 34.)

III. N. C. Raymond was presumed to have been a duly appointed and qualified deputy clerk.

He signed his name as special deputy clerk of Arthur Eldridge. Besides, plaintiff proposed to prove that said Arthur Eldridge was clerk and N. C. Raymond his deputy at the time the authentication was taken. (McKissick *v.* Colquhoun, 18 Tex., 149–153; Butler *v.* Dunagan, 19 Tex., 559.)

It was a clerical error of the clerk in saying that Thomas Dillard made oath that he saw George W. Glasscock sign the same as the attorney in fact of Henry Millard.

The copy of the deed shows that George W. Glasscock was the principal and Henry Millard the attorney in fact, both in the body of the deed and the signature. (Fulton *v.* Duncan, 18 Tex., 47; McKissick *v.* Colquhoun, *supra.*)

*Davis & Beall,* for appellees.

I. If the affidavit of J. A. Buckholts did lay a sufficient predicate for the introduction of a copy of the deed from Millard, agent of Glasscock, to Desmond, still the copy should have been excluded, because the original had not been properly recorded.

The copy of the deed shows that it was executed by Millard, acting as agent for Glasscock, and was witnessed by Thomas Dillard and John B. Jones. It was proved up by said Dillard, subscribing witness, who swore that he saw Glasscock sign the same as attorney in fact for Millard. It was proven up before "Nathaniel C. Raymond, special deputy for Arthur Eldridge, clerk of the court of Milam county, for this purpose." There was no seal of office, nor a private seal, nor a scroll used for a seal, affixed to his certificate, and he signed said certificate as special deputy.

II. There was no such officer authorized by law as a special deputy for the particular purpose of proving up a deed for record, and the law will not presume that one claiming thus to act was duly appointed. (Rose *v.* Newman, 26 Tex., 134; Cook *v.* Knott, 28 Tex., 90; Frizzell *v.* Johnson, 30 Tex., 31.)

BONNER, ASSOCIATE JUSTICE.—This was an action of trespass to try title for a league of land situated in Milam county, patented to George W. Glasscock, brought by the plaintiff and appellant, Daniel Cavit, against the appellees, J. P. Archer and others.

Judgment was rendered against the plaintiff, from which he prosecuted this appeal.

The plaintiff, in his pleadings, specially deraigned his title to the land in controversy, a necessary link in which was a deed from the patentee (Glasscock) to one Desmond.

Having made, as he contends, proper affidavit of the loss of this original deed, he offered in evidence a certified copy from the records of the office of the clerk of the County Court of Milam county of that which purported to be a deed exe-

cuted by Henry Millard as attorney in fact for George W. Glasscock to Desmond, of date January 10, 1842.

To the introduction of this certified copy, defendants interposed several objections, and the copy was excluded by the court. Under the disposition we make of the case, it is necessary to consider but one of these objections.

The deed purported to have been proven up for record by Thomas Dillard, one of the subscribing witnesses, as shown by the following certificate of authentication appended to it:

"REPUBLIC OF TEXAS,  }
     *County of Milam.* }

"Before me, Nathaniel C. Raymond, special deputy for Arthur Eldridge, clerk of the County Court of Milam, for this purpose personally came and appeared Thomas Dillard, one of the witnesses to the foregoing instrument, who acknowledged his signature as such and made oath that he saw George W. Glasscock sign the same as the attorney in fact for Henry Millard for the purposes therein expressed.

"Given under my hand and seal, there being no seal of office, this first day of June, A. D. 1843.

"N. C. RAYMOND,

"*Special deputy for Arthur Eldridge, Clerk.*"

There was no evidence offered of the execution of the original deed, except this copy. In commenting upon the statute which permits, under certain regulations, certified copies of deeds to be used as evidence in place of the originals, (Paschal's Dig., art. 3716,) this court has said that there ought to be a strict compliance with the statute, it being in derogation of the common-law rules of evidence. (Crayton *v.* Munger, 11 Tex., 234; Butler *v.* Dunagan, 19 Tex., 566.)

Although liberality of construction should be indulged in regard to mere clerical mistakes and omissions in the record made of instruments at an early day in Texas, yet we do not think that such defect, in substance, as affirmatively appears in the affidavit under consideration, should be held to be a sufficient compliance with the statute providing the mode of

authentication for record, or that the deed was a duly recorded instrument "after being proven or acknowledged in the manner provided for by the laws in force at the time of its registration." (Paschal's Dig., arts. 3716, 4973, 4974, 4976.)

The deed upon its face, as shown by this copy, does not appear to have been made by Glasscock in person, but, for him, by his attorney in fact, Henry Millard; yet the subscribing witness swears that he in fact saw George W. Glasscock sign the same as the attorney in fact for Henry Millard, a party in whom it is not pretended was the legal title.

To permit such record to be held valid, would virtually override the statute and supply by intendment its positive requirements.

The original deed not having been properly recorded, the certified copy was not admissible as evidence, and the court did not err in excluding it. (Holliday *v.* Cromwell, 26 Tex., 188; Deen *v.* Wills, 21 Tex., 642.)

The want of competent evidence to establish a material link in plaintiff's chain of title being fatal to his suit, it is not necessary to pass upon the other alleged errors assigned.

Judgment affirmed.

AFFIRMED.

[Opinion delivered November 11, 1879.]