### H. W. HILL v. R. M. TAYLOR.

#### No. 6454.

1. **Authentication.** — When there was nothing in the certificate of acknowledgment to a deed in 1842 purporting to convey land in Texas which shows that the person who certified to the acknowledgment as a judge of one of the United States was a judge of a superior court of record in such State, the authentication was not in accordance with the statute then existing. It can not be judicially known that an "associate judge of the Sixth Judicial District in the State of Maryland" was a judge of a superior court of record in 1842.

2. **Ancient Instrument—Registration.**—No length of time will render admissible in evidence as an ancient instrument a certified copy of the record of a deed which was not properly acknowledged and was improperly registered.

3. **Same—Evidence.**—A certified copy of a deed which has never been so acknowledged as to authorize its legal registration is not admissible in evidence, even on proper affidavit of loss of the original.

4. **Fact Case.**—See opinion for facts held not sufficient to authorize secondary evidence of the contents of a lost deed.

APPEAL from Bandera. Tried below before Hon. Thos. M. Paschal. The opinion states the case.

*Elias Edmonds,* for appellant.—1. The statute of the Republic of Texas at that time required that deeds executed abroad should be acknowledged before a judge of a superior court and certified by the resident consul of the Republic. Hart. Dig., art. 2777; Pasch. Dig., art. 4978; sec. 21 of Enrolled Bill No. 146, Acts of Fifth Congress.

2. A substantial compliance with the statute regulating acknowledgments and certificates for record is sufficient, and it is not necessary that the copy shall indicate by a scroll or otherwise that the officer probating the instrument affixed his seal. Rev. Stats., arts. 4311, 4313; Gen. Laws 1876, ch. 62, sec. 1; Ballard v. Perry, 28 Texas, 349; Witt v. Harlan, 66 Texas, 660; Hines v. Thorn, 57 Texas, 98; Deen v. Wills, 21 Texas, 642; Belcher v. Weaver, 46 Texas, 293.

3. When a deed has been registered for a period of twenty years the probate is presumed to be proper, and this presumption is conclusive and cuts off all inquiry on the subject. 1 Am. and Eng. Encyc. of Law, p. 150, note; Stroud v. McDaniel, 12 Lea, 617; Riecke v. Westenhoff, 10 Mo. App., 358; Mapes v. Leal, 27 Texas, 345; Stroud v. Springfield, 28 Texas, 649.

4. Original deeds thirty years old from proper custody prove themselves, and when affidavit of the loss of an original instrument over thirty years old has been made and filed, a certified copy from the records of like age is admissible in evidence. Bass v. Sevier, 58 Texas, 567; Fletcher v. Ellison, Posey's U. C., 661; Greenl. on Ev., secs. 21, 144, 570; Holmes v. Coryell, 58 Texas, 688; Brown v. Simpson, 67 Texas, 231; Shinn v. Hicks, 68 Texas, 277; Johnson v. Timmons, 50 Texas, 521; Bingham v. Talbot, 63 Texas, 271; Alexander v. Wheeler, 78 Ala., 167; Gardner v. Grannis, 57 Ga., 539.

5. The grantor in a deed being a competent witness to prove it up, may testify as to its contents either from memory or from a copy thereof, the original having been lost or destroyed. 1 Greenl. Ev., sec. 509.

6. An unrecorded deed or a deed improperly recorded is valid and binding between the parties thereto, and forms the basis of an equitable title sufficient to support the action of trespass to try title against a mere wrongdoer, and may be converted into a legal title by a subsequent confirmatory deed, even after the institution of suit. Rev. Stats., art. 4795; Martin v. Parker, 26 Texas, 259; Ballard v. Perry, 28 Texas, 348; Buford v. Gray, 51 Texas, 335; Keyes v. Railway, 50 Texas, 170; Pitts v. Booth, 15 Texas, 453; Johnson v. Taylor, 60 Texas, 360; Brown v. Simpson, 67 Texas, 225; Hobby's Land Law, secs. 3, 15, 29; Bass. & Say. Texas Plead., secs. 977, 979.

7. Affidavit being made of the loss of an original deed, it is proper to prove its contents by parol, and the grantor in a deed may prove up the same either by a certified copy or from memory of its contents. Affidavit of the inability of plaintiff to produce the original deed was made by his

attorney, which it is submitted was sufficient to allow the introduction of secondary evidence, even if counsel had not agreed to waive affidavits of loss of originals.   Ins. Co. v. Pruitt, 65 Texas, 127; Kinney v. Vinson, 32 Texas, 125; Loftin v. Nally, 24 Texas, 565; Meuley v. Ziegler, 23 Texas, 88.

8.   The court erred in excluding from the jury the deed of Emeline Keys to H. W. Hill, dated June 22, 1887, when offered in connection with the deed from Emeline Lawton to Daingerfield and Generes to connect his after acquired legal title with his equitable claim.   Titus v. Johnson, 50 Texas, 238; Pitts v. Booth, 15 Texas, 456; Giddens v. Byers, 12 Texas, 75.

*McLeary & King* and *Barnard & Green,* for appellee. — 1.   The statute of the Republic of Texas in 1842 required that a deed executed "in the United States of North America" should be acknowledged or proved "before any circuit or supreme judge or chancellor of the United States of North America, certified by him, with the certificate of the chief magistrate of the nation as to the official character of him taking acknowledgment or probate and the great seal of the United States thereto annexed." Acts 5th Cong., pp. 169, 170; Act Feb. 5, 1841, sec. 21; Hart. Dig., art. 2777; O. & W. Dig., art. 1731; Pasch. Dig., art. 4978; Land Co. v. Williams, 51 Texas, 58, 59.

2.   No lapse of time whatever can render an illegal registration of a deed of conveyance legal.   It requires the decree of a court in a suit brought for that purpose to do so.   Rev. Stat., art. 4353; Johnson v. Taylor, 60 Texas, 360.

3.   Although deeds thirty years old and over may be admissible in evidence as ancient instruments, there is no rule of law which would admit in evidence a copy from a record illegally made as an ancient instrument. Railway v. Stealey et al., 66 Texas, 468; Holmes v. Coryell, 58 Texas, 680.

4.   The certified copy being made from an illegal record was not admissible in evidence for any purpose whatever.

5.   There was no error in excluding the certified copy offered in evidence.

6.   Neither the certified copy nor the original of the confirmation deed being admissible in evidence separately, they could not be made so by merely offering them together.

7.   Before any secondary evidence whatever of the contents of the deed from Emeline Lawton to Daingerfield and Generes could be heard, proof must have been made of its loss by either Daingerfield or Generes if living, and if dead by some other competent person, after application to their legal representatives and search amongst their documents.   Vandergriff v. Piercy, 59 Texas, 371; Olive v. Bevil, 55 Texas, 423; Butler v. Dunagan, 19 Texas, 559; Bateman v. Bateman, 21 Texas, 432; Bateman v. Bateman, 16 Texas, 541; Crayton v. Munger, 9 Texas, 285; Dunn v. Choate, 4 Texas, 14; Hooper v. Hall, 30 Texas, 154; Bray v. Aiken, 60

Texas, 688; Lea v. Hogue, 1 Ct. App. C. C., sec. 607; 1 Sayles' Civ. Stats., pp. 682 (rule 11), 733, par. 14.

ACKER, PRESIDING JUDGE.—H. W. Hill brought this suit against R. M. Taylor on the 8th day of September, 1886, in the usual form of trespass to try title to an undivided interest of 320 acres of land in two surveys described in the petition.

The defendant answered by general denial, plea of not guilty, and the three, five, and ten years statutes of limitation.

There was verdict for defendant, upon which judgment was rendered that plaintiff take nothing by his suit and pay all costs, and he appealed.

The plaintiff offered in evidence a certified copy from the records of Bexar County of a deed from Emeline Lawton, dated February 21, 1842, and filed for record in Bexar County on the 2d day of August, 1843, to which defendant objected upon the ground that the deed had not been properly acknowledged and certified for record by an officer authorized by the laws of the Republic of Texas to take such acknowledgment. The objection was sustained, and that ruling is assigned as error.

It appears from the copy offered that the execution of the deed was acknowledged before and certified by "an associate judge of the Sixth Judicial District in the State of Maryland" on the day of its date, and that the vice consul of the Republic of Texas for the port of Baltimore attached to the deed his certificate of the official character of the officer who took and certified the acknowledgment.

The statute of the Republic of Texas providing for the acknowledgment of the execution without the Republic of conveyances of land within the Republic in force at the time the deed from Emeline Lawton purports to have been executed and acknowledged, was as follows: "If such grant, deed, or instrument executed abroad shall be acknowledged or proved by two subscribing witnesses before any circuit or supreme judge or chancellor of the United States of North America, certified by him, with the certificate of the chief magistrate of the nation as to the official character of him taking acknowledgment or probate and the great seal of the United States thereto annexed; or if so acknowledged or proved before any judge of a superior court of record, or in any such court of any other nation or kingdom, and certified by such judge, or the record thereof exemplified, and either so counter-certified by the chief magistrate or sovereign of such other nation or kingdom under the great seal, or by the consul of this Republic or minister resident there, the same shall be admitted to record, and shall be good and effectual, as aforesaid, from and after registration."

Appellant contends that under this statute "deeds executed abroad should be acknowledged before a judge of a superior court and certified by the resident consul of the Republic."

The language of this law is very peculiar, and just what it means is difficult of ascertainment. It may, however, be conceded, as contended by appellant, that the expression "or if so acknowledged or proved before any judge of a superior court of record" includes the judges of the superior courts of the several American States, and yet the ruling of the trial court in excluding the instrument must be sustained, for there is nothing in the certificate or elsewhere in the record tending to show that the person who certified to the acknowledgment of the execution of the deed was a judge of a superior court of record. This court can not judicially know that "an associate judge of the Sixth Judicial District in the State of Maryland" was a judge of a superior court of record on the 21st day of February, 1842.

Appellant insists that when a deed has been registered for twenty years the probate of its execution is conclusively presumed to be proper.

We believe it to be settled that the benefits accruing from the registration of a deed are invariably dependent upon its *proper* registration. Without proper acknowledgment and proper certificate of such acknowledgment of the execution of a deed, its registration would not constitute notice, nor would any lapse of time make admissible as an ancient instrument a certified copy from the record of such deed.

What we have said disposes of the first and second assignments of error.

The plaintiff offered in evidence the certified copy of the deed from Emeline Lawton, together with the testimony of the grantor to the execution of the original by her, "as evidence of an equitable claim of right to the land," to all which defendant objected "because there was no proper affidavit of the loss of the original instrument to allow parol evidence of its contents and its execution." The objection was sustained, and this ruling is complained of as error.

The affidavit of the loss of the original deed was made by the attorney for plaintiff, and states that he was employed by plaintiff to procure the original title papers to the land and to institute this suit; that he has "prosecuted diligent inquiry in all sources where the original of the copy of the deed of Emeline Lawton to W. H. Daingerfield and J. L. Generes, conveying one undivided sixth part of surveys Nos. 40 and 44 in the name of Jacob H. Lawton, dated on the 21st day of February, 1842, a certified copy of which deed is on file in the above entitled cause, without effect; that such original deed has been lost or destroyed, and can not be found to be used on the trial of this cause."

The certified copy of the deed was secondary evidence, the admissibility of which was dependent (1) upon the proper registration of the original, and (2) upon the proper affidavit of the loss of the original. We have seen that, because of the imperfect proof of the acknowledgment of the execution of the original, its registration was not proper and the certified copy was not therefore admissible, even though a proper affidavit of the loss

of the original had been made.    The proposed testimony of the grantor as to the execution and contents of the deed was also secondary evidence, which was inadmissible until the predicate therefor had been established by filing the proper affidavit of the loss of the original deed.    It has been said that the statute making secondary evidence admissible upon the affidavit of the loss or destruction of the original being in derogation of the common law rules of evidence, should be strictly complied with (Butler v. Dunagan, 19 Texas, 566); and that if the affidavit is made by any other person than a party to the suit, it should exclude the supposition that the party offering the evidence has it in his power to produce the original. Crayton v. Munger, 11 Texas, 234;  Butler v. Dunagan, *supra;*  Hooper v. Hall, 30 Texas, 158.    It has also been held that such affidavit must show "that there has been diligent search and inquiry made of the proper person and in the proper places for the lost deed; that the loss must be proved if possible by the person in whose custody it was at the time of the loss if such person be living, and if dead, application should be made to his representatives and search made among the documents of the deceased." Vandergriff v. Piercy, 59 Texas, 372.    Tested by these authorities, the affidavit in this case is fatally defective.    It is not shown that inquiry was made of the vendees, or if dead of their representatives; nor does the affidavit exclude the idea or supposition that the plaintiff may have been able to produce the original deed.

The only diligence shown by the affidavit is that the affiant had "prosecuted diligent inquiry in all sources where the original, * * * without effect."    It is not even stated that the inquiries were prosecuted in sources where there was any reason to expect that information relating to the original could be had.    We think the third assignment is not well taken, and that the court did not err in excluding the evidence.

The fourth assignment of error is:    "The court erred in excluding the certified copy of deed from Emeline Lawton to W. H. Daingerfield and John L. Generes, dated 21st of February, 1842, when offered as evidence of an equitable title or claim in plaintiff to the land in controversy in connection with his original deed from Emeline Keys (formerly Lawton) confirmatory thereof, dated June 22, 1887, and in excluding said last named deed in such connection."

For the reasons already given we have seen that the certified copy of the deed of February 21, 1842, was not admissible in evidence, and it could not be made so by offering it in connection with other evidence, however legitimate and pertinent such other evidence may be.    Offering the two instruments in connection with each other could not have the effect to remove the objections to the inadmissible one, but would necessarily have the effect to render the other inadmissible also, although it may be clearly admissible if offered disconnected from and independent of the inadmissible instrument.    We think the court did not err in ex-

cluding the two instruments when offered in evidence together and in connection with each other.

The fifth assignment of error complains that the court erred in excluding the testimony of Emeline Keys (Lawton) proving the execution and contents of her deed of February 21, 1842, to Daingerfield and Generes as a lost instrument. What has been said in disposing of previous assignments disposes of this. There was no proper predicate laid for the introduction of this secondary evidence.

The sixth assignment of error is substantially the same as the fourth. Questions raised by remaining assignments of error are immaterial, as they could not control the disposition of the case.

Our attention has not been called to any error that we think would justify reversal, and we are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted May 20, 1890.