JOSEPH FREEMAN v. WM. M. RICE INSTITUTE ET AL.

Decided April 2, 1910.

**1.—Lost Deed—Proof of Search—Practice.**

While the sufficiency of the proof upon the issues of the existence and loss of a deed and the search made therefor is a question within the discretion of the trial judge, such discretion must not be arbitrarily exercised, and when all the evidence in a case tends to establish the loss of the original deed and reasonable diligence to procure the original, secondary or circumstantial evidence of said facts should be admitted and the issues submitted to the jury. Evidence as to the loss of and search for a deed, considered, and held sufficient to require the submission of said issues to the jury.

**2.—Same—Affidavit of Loss—Incompetent Evidence—Practice.**

An affidavit setting forth the acts and facts of search by affiant for a lost deed, is not competent evidence; but if admitted over the objection of appellee and considered by the court in the trial of the case, and there is no cross assignment of error by the appellees based thereon, such affidavit may also be considered by the appellate court in passing upon the same issues.

**3.—Same—Sufficient Search.**

The deed to a remote owner of the land in controversy could not be found; such owner had been dead more than forty years; the deed by such owner conveying all his interest in the land was recorded in a record of deeds; on the page of the record book preceding the page on which appeared the deed by the owner, appeared the record of the lost deed to the said owner. Held, the reasonable inference from the evidence was that said owner delivered the deed to him to his vendee at the time of the sale and that said vendee filed both deeds for record at the same time; there could be no reason for presuming that said lost deed was in the possession of said remote owner or his heirs or legal representatives, and the failure of the evidence as to a search for

said deed to show that an enquiry had been made of said owner or his heirs, was immaterial.

### 4.—Evidence—Ancient Instrument—Record of Deed.

The rule which gives to a record thirty years old the evidential weight of an ancient instrument, applies only to the record of such instruments as have been properly acknowledged and recorded in accordance with the registration laws of this State, and has no application to a record in another State of a deed to land in this State.

### 5.—Lost Deed—Evidence—Examined Copy.

A mere certified copy of the record in another State of a deed to land in this State would not be admissible as evidence of the execution of the deed, but it is otherwise as to an examined copy.

### 6.—Same—Declarations of Parties to Deed.

Upon the question whether or not secondary evidence should be admitted as to the existence, execution and loss of a deed and the sufficiency of the search made therefor, the declarations of the parties to the lost deed as to what they had done with the title papers, are competent evidence.

### 7.—Same—Evidence—Recitals in Ancient Instrument.

Recitals in ancient instruments which are a part of the chain of title to land in controversy, are admissible as circumstances tending to show the execution of a lost deed in said chain.

Appeal from the District Court of Jasper County. Tried below before Hon. W. B. Powell.

*W. W. Blake* and *Roi Blake,* for appellant.—The court erred in excluding the copy of deed from John M. Wade and Reuben W. Wade to Thos. E. Speight, copied from the deed records of Early County, Georgia, in book "K," page 321, after proof that the original was lost and due search made therefor, the same being an ancient instrument, and one of many in a chain of title which recited said deed, and after proof by the clerk who copied the original in the said record book, that the said record was a copy of the original. Rev. Stats., art. 2299; Lewis v. San Antonio, 7 Texas, 311, 316; Bateman v. Bateman, 16 Texas, 544, 21 Texas, 433; White v. Burney, 27 Texas, 51; De La Garza v. Macmanus, 44 S. W., 704; Heintz v. O'Donnell, 16 Texas Civ. App., 21; 1 Starkie on Evidence, 294 (7th Am. ed.); Daniels v. Creekmore, 7 Texas Civ. App., 577; Waggoner v. Alvord, 81 Texas, 368; McDonald v. Hanks, 52 Texas Civ. App., 140; Smith v. Cavitt, 20 Texas Civ. App., 561; Walker v. Peterson, 33 S. W., 270; Heintz v. Thayer, 50 S. W., 176; Ammons v. Dwyer, 78 Texas, 639; Shifflet v. Morelle, 68 Texas, 382; 1 Greenleaf on Evidence, 558; 17 Cyc., 327, and authorities cited.

The copy of deed from Early County, Georgia, was admissible along with the original deed, as an examined copy and a circumstance tending to prove the conveyance from Wade & Wade to Thos. E. Speight, and to show the faithful diligence of plaintiff in his search. This original, of which the instrument was a copy, having been duly recorded in the proper county, and admitted to be genuine, and having been simultaneously recorded in Georgia with the rejected deed in the same book and on consecutive pages, on the principle that every

circumstance that would throw any light on the good faith of the transaction, the truth of the copy, and the diligence of plaintiff in his search for the original, is admissible. Baylor v. Tillebach, 20 Texas Civ. App., 490; Crain v. Huntington, 81 Texas, 614.

The court erred in withdrawing the case from the jury and instructing them that plaintiff had failed to make out his case, and to find a verdict in favor of all the defendants against the plaintiff, the evidence outside of the excluded deed being sufficient to authorize the court to submit the case to the jury, as against mere intruders showing no title. Potter v. Wheat, 53 Texas, 406; Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 82; Mustain v. Stokes, 90 Texas, 362; 1 Starkie, 394.

On presumption: Schultz v. Tonty L. Co., 36 Texas Civ. App., 448; McCarty v. Johnson, 20 Texas Civ. App., 184; Grooms v. Rust, 27 Texas, 231; Glasscock v. Hughes, 55 Texas, 476; Herndon v. Davenport, 75 Texas, 464. Recitals: Baylor v. Tillebach, 20 Texas Civ. App., 490, and authorities cited.

The court erred in sustaining the objection of defendant to questions propounded to J. A. Sheffield as to conversations he had with Wade & Wade and Thos. E. Speight as to what disposition they had made of the land in controversy, and what they had done with the title papers, while he was negotiating for the purchase of the undivided interest of Benj. Collier in said land, plaintiff expecting to throw light on the disposition made of the lost deed. Lord v. New York Life Ins. Co., 27 Texas Civ. App., 139; 16 Cyc., 1219, 1220.

*Baker, Botts, Parker & Garwood, Parker, Hefner & Orgain, H. C. Howell* and *E. A. Cheatham,* for appellees.—There was no sufficient proof offered by plaintiff below to satisfy the requirements of law as to loss and diligence in searching for the original of the alleged lost deed from John M. and Reuben W. Wade to Thos. E. Speight to admit secondary evidence of its contents. Masterson v. Jordan, 24 S. W., 549; Baldwin v. Goldfrank, 26 S. W., 159; Bray v. Aikin, 60 Texas, 691; Vandergriff v. Piercy, 59 Texas, 372; Hill v. Taylor, 77 Texas, 300; Dunn v. Choate, 4 Texas, 18.

The copy offered in evidence being a copy taken from the deed records of Early County, Georgia, which itself purported to be a copy of a conveyance from John M. and Reuben W. Wade to Thos. E. Speight, was neither an original conveyance nor a copy of an authorized record of such original, and hence was not and could never become an ancient instrument, and admissible in evidence on that ground. Hill v. Taylor, 77 Texas, 299.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by appellant against the appellees to recover 1,054 acres of land on the Thomas Tanner league in Newton and Jasper Counties.

The defendants each pleaded not guilty, and severally disclaimed as to certain portions of the land, and as to the respective portions claimed by them severally pleaded title by limitation.

Upon the trial, after hearing the evidence introduced by plaintiff, the court below instructed the jury to return a verdict for defendants, which was done and judgment rendered in accordance therewith.

The land in controversy is a part of a league patented to Thomas Tanner on February 2, 1842. In 1855 Tanner and wife conveyed to Benjamin Collier and S. S. Stafford. In 1857 S. S. Stafford conveyed to John M. and Reuben W. Wade by a deed recorded in the deed records of Early County, Georgia, February 26, 1864. Plaintiff offered in evidence an examined copy from the records of Early County, Georgia, of a deed from John M. and Reuben W. Wade to Thomas E. Speight, executed May 17, 1861, and recorded February 27, 1864, in said Georgia deed records. The court excluded this copy on the ground that plaintiff had failed to make a sufficient showing of the loss of the original deed to entitle him to introduce secondary evidence of the execution and contents of such deed. Plaintiff then introduced deeds showing a chain of title from Speight to himself. The first deed in this chain was one from Speight to Holmes and Cowart, executed January 15, 1864. This deed, the original being introduced in evidence, was filed for record in Early County, Georgia, on February 26, 1864, and was recorded in said Georgia deed records upon the page of the record immediately following the record of the deeds from Stafford to Wade and from Wade to Speight. The three deeds having been evidently filed at the same time and recorded in the order of their execution, the reasonable inference is that they were filed by Holmes and Cowart, or some one for them. In connection with the examined copy of the deed from the Wades to Speight, plaintiff introduced the following evidence:

First, the following affidavit of plaintiff:

"Joseph Freeman, being duly sworn according to law, says that he is the plaintiff in the above-styled cause; that he, the said plaintiff, claims title to the land involved in said suit by chain of title from and under the State of Texas, to wit, 1,054 acres in the east end of the Thomas Tanner league of land situated in Jasper and Newton Counties, Texas. That two of the original deeds constituting links in his chain of title are lost or destroyed, to wit, the original deed from Samuel S. Stafford to John M. Wade and Reuben W. Wade, and from the said John M. and Reuben W. Wade to Thomas E. Speight, each conveying said tract of land. That affiant found recorded copies of said deeds in the office of the recorder of deeds for Early County, Georgia. That the said clerk made diligent search at my request, and in my presence, among the records and archives of said office, and failed to find same. Affiant also inquired at the office of George McDonald, who lives in Cuthbert, Georgia, and who has charge of the estate of Arthur Hood, deceased, and who has possession of the papers and documents pertaining to the lands and property of the said estate, and the said George McDonald, after search among the said papers of said estate, declared that the said lost deeds were not among the said papers. Affiant also states that he made inquiry of Mrs. Mattie Wood and her mother, Mrs. Elizabeth Holmes, and Joe Vincent, each of whom formerly owned an interest in said land, and each declared that said lost instruments were not among their papers. Affiant further

states that he has searched and caused search to be made by the clerk of the Superior Court of Clay County, among the papers of a suit in said court by the heirs of Josiah Vincent against C. B. Holmes et al., in which suit an interest in said land was claimed by said heirs, and that said lost deeds are not among said papers. Affiant has also searched among papers of Anthony Hutchings, deceased, whose wife was interested in said land, and who for many years looked after the interests of all the parties owning interests in same and paid the taxes thereon, and said lost deeds are not among said papers.

"Affiant has made diligent and careful search in all the places where said lost deeds were most likely to be found, and has been unable to find them, or other trace of them than the record above mentioned."

Second, the deposition of plaintiff Freeman, in which he testified as follows:

"I inquired in the clerk's office of the Superior Court of Early County, Georgia, for the original deeds from Samuel S. Stafford to Jno. M. Wade and Reuben W. Wade, and from Jno. M. and Reuben W. Wade to Thos. Speight. The said clerk made diligent search in my presence for said deed among the records in his office, and was unable to find said deed. I also made inquiry from Geo. McDonald, who lives at Cuthbert, Ga., and who attends to all the business for the Hood estate, which had an interest in the land in suit. I also made inquiry from Mrs. Mattie Holmes and Joe Vincent, each of whom formerly had an interest in the land in controversy. These were all the persons who had any interest in said land at the time I bought the same. Neither of said deeds have ever been in my custody or possession."

Third, the testimony of plaintiff's attorney that he had made diligent search in the records and archives of Jasper and Newton Counties and failed to find said deeds. He also introduced the deposition of James N. Evans, who testified that he was 73 years old; that he was clerk of the court of Early County from February 10, 1862, until March 1, 1864, and afterwards deputy clerk; that as such clerk he was the custodian of the deed records and recorder of deeds; that he found pages 320, 321 and 322 of book K in his handwriting (these are the pages which contain the record of the three deeds above mentioned), and that he recorded the deeds in said book K. That he had before him what he considered the original instruments, and that he recorded them correctly. That it was his custom to compare the copies with the originals. Witness was acquainted with Samuel S. Stafford, who was a lawyer, and John M. and Reuben W. Wade, who were merchants; was acquainted with the handwriting of S. S. Stafford, as he filed many papers with him.

This witness further testified: "I think I was familiar with the handwriting of Reuben W. Wade, but can not now recall what particular means I had of becoming acquainted with it, except that he was the bookkeeper for the firm of J. M. and R. W. Wade, and I had dealings with that firm. I was less acquainted with the handwriting of J. M. Wade, and do not remember what opportunities I then had of becoming familiar with it, but I believe I would then have recognized his signature."

This evidence, if admissible, unquestionably raised the issue of the execution by the Wades of a deed from them to Speight conveying their interest in the land in controversy, and we do not understand that the learned trial judge held otherwise, but he refused to submit the evidence to the jury on the ground that the plaintiff had failed to make a sufficient showing of the loss of the original deed to admit secondary or circumstantial evidence of its execution and contents. We think all of the evidence tends to show that if a deed from the Wades to Speight was executed the original deed has been lost, and plaintiff has used reasonable diligence in searching for it and is unable to procure it. While the sufficiency of the proof upon this issue is a question within the sound discretion of the trial judge, such discretion can not be arbitrarily exercised, and when all the evidence in the case tends to establish the loss of the original deed and reasonable diligence on the part of the party offering the secondary or circumstantial evidence of its execution to procure the original, such evidence should be admitted. McDonald v. Hanks, 52 Texas Civ. App., 140 (113 S. W., 604); Smith v. Cavitt, 20 Texas Civ. App., 570 (50 S. W., 168).

The affidavit of the plaintiff as to his efforts to procure the original deed was not admissible in evidence on the issue of his diligence in this matter, but defendants' objections to such affidavit as evidence do not seem to have been sustained, and there is no cross-assignment complaining of the ruling of the court in admitting the affidavit in evidence. It appears that the affidavit was considered by the court as a part of the evidence upon which he based his ruling, and therefore it should be considered by us in determining the correctness of that ruling. If, however, the affidavit be excluded from consideration, the depositions of the plaintiff and the testimony of the attorney show that they made diligent search and inquiry for said deed in every place and of every person who would likely know anything of its whereabouts. If it is true, as contended by defendants, that it is not shown that Speight is dead, and no inquiry is shown to have been made of him as to such deed, the evidence shows that Speight had conveyed the land more than forty years ago, and the deed to him from the Wades appears to have been filed for record and recorded at the same time that Speight's deeds to Holmes and Cowart was recorded. Under these facts there can be no reason for presuming that the lost deed is in Speight's possession if he is still alive, or in the possession of his heirs or legal representatives. The only reasonable inference from the evidence is that such deed was delivered with Speight's deeds to Holmes and Cowart and never afterwards came into the possession of Speight, he having parted with his title to the land and having no further interest in the preservation or custody of said deed. Under these circumstances plaintiff was not required to make any inquiry of Speight in his search for the deed.

From what we have said, it follows that the trial court erred in excluding the examined copy of the Georgia record and in instructing the jury to find for the defendants, and appellant's assignments of error complaining of this ruling and instruction must be sustained.

There is no merit in appellant's contention that the copy from the Georgia record was admissible in evidence as an ancient instrument.

The rule which gives to a record thirty years old the evidential weight of an ancient instrument applies only to the record of such instruments as have been properly acknowledged and recorded in accordance with the registration laws of this State, and has no application to a record in another State of a deed to land in this State. Hill v. Taylor, 77 Texas, 299.

A mere certified copy of the Georgia record would not be admissible as evidence of the execution of the deed, but an examined copy, that is, one which is shown by the testimony of a witness who examined and compared it with the record to be a true copy of the record, is admissible, just as the record itself would be were it possible to offer it in evidence, as a circumstance tending to establish the execution of the lost deed. Upon this issue as to the execution of the lost deed the testimony of the witness Sheffield as to statements made to him by the Wades was also admissible.

The fact that the deed from Speight to Holmes and Cowart, the original of which was introduced in evidence, was correctly recorded in the Georgia deed records at the time the purported record of the lost deed was made, and by the same clerk, was admissible in evidence as a circumstance tending to establish the verity of said record. It is also well settled that recitals in ancient instruments which are a part of the chain of title to the land in controversy are admissible as circumstances tending to show the execution of a lost deed in said chain. Brewer v. Cochran, 45 Texas Civ. App., 179 (99 S. W., 1033).

We have not deemed it necessary to discuss the several assignments presented in appellant's brief, but have in what we have above said disposed of all the material questions presented.

For the reasons indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*