Reversed and remanded.

THOMAS HOLLIDAY V. A. H CROMWELL AND OTHERS.

Where a deed was executed before a judge of the first instance on the 25th day of Oct., 1834, and recorded in the office of the clerk of the County Court of Refugio county on the 2nd day of June, 1841, without having been proven in the manner provided for by the laws in force at the time of its registration : *held*, that the deed was not properly admitted to record, and that it could not be proven by the production of a certified copy under the 469th article of the Digest of Oldham & White.

The laws in force at that time in reference to the requirements of acknowledgment and proof of the execution of deeds, before admitting them to record, cited and discussed.

The rulings of the court below and the facts of the case ought to appear by the record, and should not be left to rest upon the agreement of counsel outside of the record.

APPEAL from Victoria. Tried below before the Hon. Fielding Jones.

Trespass to try title to two leagues of land in Victoria county,

brought by Thomas Holliday, the appellant, against Alexander H. Cromwell and others, the appellees.

On the trial, the plaintiff read in evidence a certified translation from the General Land Office of the original grant of the two leagues to Santiago and Lazaro Serna and a chain of title from Santiago. The first link in this chain is a deed from Santiago Serna to John Sutherland, dated February 28th 1840, and recorded in Victoria county, where the land was then situated, May 24th, 1850, and in Refugio county Sept. 13th, 1850.

The defendants also claimed under said Santiago Serna, who, as they alleged, sold the land in controversy to Joshua Davis on the 25th day of October, 1834. As evidence of the sale from Serna to Davis, the defendants offered a copy of the act of sale taken from the record of deeds in Refugio county, certified as such by the clerk. The act of sale, according to this transcript from the record, appears to have been passed before the judge of the first instance in the village of Refugio, and to have been admitted to record, without proof, in the office of the clerk of the County Court, on the 2nd day of June, 1841. The plaintiff objected to the introduction of this copy in evidence, because, 1st, it was not the best evidence. 2nd. Because the existence of the original had not been proven, nor its absence accounted for, so as to lay the necessary foundation for the introduction of secondary evidence. 3rd. It showed upon its face that the original had not been recorded. These objections were overruled and the plaintiff excepted. Verdict for defendants. Judgment rendered accordingly. Motion for new trial overruled and plaintiff below appealed.

An agreement, signed by counsel, was filed among the papers, reciting various clerical errors made by the clerk below in making up the record.

*Glass & Phillips, Jr.*, for appellants. II. The second assignment of errors involves the plaintiff's objections to the transcript, from the records of Refugio county, of the conveyance from Serna to Davis.

This transcript is neither a protocol or testimonio, and not being an original document, is not the *best evidence* of the act of

sale.   No proof was made of the existence of the original; nor was the absence of the original accounted for, except by the affidavit of one of the defendants, which, on its face, plainly shows that he, at least, never positively knew of the actual *existence* of the original, although he swears, in the terms of the statute, that it is lost or destroyed.

An heir at law, in order to establish title in his ancestor, cannot, without accounting for the non-production of the original, give in evidence a certified copy of a deed to the ancestor from the town records.   Cunningham v. Tracy, 1 Conn., 252;  Talcott v. Goodwin, 3 Day, 264.

Nor does this transcript, upon its face, purport to be a certified copy of a duly registered deed.   This transcript is made out on the 23d August, 1856, by P. Shelly, clerk of the County Court of Refugio county, who certifies, "that the foregoing instruments of writing are true and correct copies of those on record in my office, as taken from record book B, pages 128, 129 and 130 of deeds."   How these documents got upon the record in this office is of course not shown, nor attempted to be shown by this clerk. He only gives copies of the records as he finds them in his book of deeds, and certifies that they are "true and correct copies."

We cannot, therefore, presume that anything which was in the record book, connected with these documents, was left out of this transcript.   The certificate of John W. B. McFarlane, who was the clerk of the County Court of Refugio county on June 2d, 1841, is included therein, and that shows us upon what ground the original instruments were placed upon the record.   His certificate is, "The foregoing deeds were presented to me this day and thereupon admitted."

The words "*thereupon admitted*" plainly indicated that he regarded "presentation" as the only prerequisite to registration. But the counsel for the appellee not only contends that there may have been a proper certificate upon the original, but that the proper proof may have been taken and not certified.   He also argues that the officer must be presumed to have known and done his duty, and quotes the case of Paschal v. Perez, 7 Texas Reports, 357, in support of his positions.

In that case Chief Justice Hemphill said that it was "probable" that the clerk had admitted the document to record upon proof of the signature of the signer. This he infers from a certain construction of section 38 of the registry act of 1836, arising from the obscurities of the different parts of that act. He did not, however, assert that such was the necessary legal presumption to be deduced from the fact of any instrument being found upon the record. But his remark was, at most, a mere *obiter dictum*, as the case was decided upon other grounds.

The remarks of the Chief Justice seem also to apply to a different class of instruments from the one here in question, and particularly to such as have no subscribing witnesses. In the case at bar, however, the act of sale purports to have been passed before a judge of the first instance, and decree No. 275 of the laws of Coahuila and Texas, passed April 18th, 1834, authorizing judges to act in the place of notaries, required them also to act with assisting witnesses, which was done by this judge, as the names of the witnesses are signed to the document.

Section 35, of the act of 1836, provides that the proof or acknowledgment which entitles the document to registry, shall be certified by the recorder and form part of the record. (Hart. Dig., art. 2,752.)

There is nothing in section 38 to negative the requirements of section 35, except that portion thereof which declares "the certificate of any County Judge" sufficient.

Whatever effect the act of 1836 might have had in the absence of any certificate by the clerk, it certainly would not warrant the presumption that the certificate when given was false, or even that it contained an imperfect statement of the actual fact which it purported to certify.

The act of 1839, however, also required a certificate of the proof or acknowledgment to be made upon the instrument to be recorded by the proper officer, "and become a part of the record." (Hart. Dig., art. 2,760.)

So, too, the act of 1840, although not positively expressing this requisition, most clearly implies it. (Hart. Dig., arts. 2,765, 2,767, 2,768 and 2,769.)

The act of 1840 is also entirely free from those obscurities upon which Chief Justice Hemphill based his construction of the act of 1836.

But all doubt whatever upon this question is removed by the terms of the act of February 5th, 1841. .

Section 21 of this act expressly requires all documents proven or acknowledged for record to be "certified for record" by the officer taking such proof or acknowledgment. (Hart. Dig., 2,777.)

The registry of the act of sale purports to have been made on June 2d, 1841, and this law was passed February 5th, 1841, to take effect March 17th, 1841.

The original act of sale, therefore, if any such existed in point of fact, was improperly admitted to record, and, therefore, a certified copy of such record was not admissible in evidence.

A registration without the authority of the law is the unofficial act of the officer, which gives the copy no greater validity than the original deprived of legal evidence of execution. The registry is no better than a copy made by a private person in a memorandum book. (Kerns v. Swope, 2 Watts, 75.)

Where an instrument is not proven in the mode required for its admission to record, it acquires no authenticity from having been in point of fact recorded. (Craddock v. Merrill, 2 Tex., 494.)

*D. E. Crosland*, for appellees. In reply to the second assignment, we say the court ruled correctly in admitting the deed of Serna to Davis to be read in evidence. The deed was properly recorded on the 2d day of June, 1841, and although the proof made on its admission to record was not made a part of the record, as is now required by the registry laws, yet, under the ruling of this court heretofore, it must be presumed that the officer complied with the law, in admitting it to record. (Paschal v. Perez, 7 Tex., 348; Secrest v. Jones, 21 Tex., 123.)

*Robert Hughes*, also for appellees. It is said by appellant's counsel that the deed to Davis was not duly recorded, there being no evidence on the copy in evidence that it had been properly proven. This very question has been examined by this court,

and the former Chief Justice has said that in such case the court will presume that the proper proof was made. (Paschal v. Perez, 7 Tex. R., 357.) Where the courts have determined that the instrument had not been properly recorded, because not properly proven, the certificate shows a defect in the proof, from which the court had a right to say that the proof was not sufficient, and consequently the deed not properly recorded. The paper given in evidence was a copy of the instrument as recorded, which shows that such recorded instrument was the original protocol of a conveyance executed according to the forms of the law then in force, before the primary judge in the Mission of Refugio, which was a record to remain in the office of that primary judge, and which ought to be now in the office of the clerk of the County Court, and may be there, there being no proof to the contrary.

WHEELER, C. J. It was proposed to make proof of the deed of the 25th of October, 1834, by the production of a certified copy from the records of deeds, under article 745 of Hartley's Digest. (O. & W. Dig.; art. 467.)

It was objected to the introduction of the copy that the deed had not been duly recorded.

The certificate of registration bears date on the 2d day of June, 1841, and is as follows: "The foregoing deed was this day presented for record and thereupon admitted."

The laws in force at that time concerning the registration of deeds, required the acknowledgment, or some proof of their execution; or, where the original remained in the public archives, a certificate of the keeper thereof, to authorize admitting them to record. (Hart. Dig., arts. 2,752, 2,755, 2,760, 2,761, 2,768.) And the act of the 19th of January, 1839, required that a certificate of the acknowledgment, or pooof, be made upon the instrument, "and become a part of the record." (Id., art. 2,760.)

There not only was no such certificate, but the certificate made by the clerk would seem to imply that the instrument was recorded upon its simple presentation, without more.

The case of Paschal v. Perez, (7 Tex. R., 357,) is relied on as sustaining the ruling of the court admitting the copy in evidence.

13

But that case does not go the extent of holding that a deed recorded as this was in 1841, can be proved by the production of a copy from the records, without some evidence that it was acknowledged or proved for registration. That was not the question the court was there considering.

The statute under which it was proposed to prove the instrument by the production of the copy in question, authorizes that mode of proof only in cases where the instrument proposed to be thus proved "is permitted or required by law to be recorded," and has been recorded "after being proven or acknowledged in the manner provided for by the laws in force at the time of its registration.." (O. & W. Dig., art. 469.) There was no evidence before the court that the instrument in question had been thus proved or acknowledged, and we are of opinion that the court erred in admitting the copy in evidence.

In the very unsatisfactory state of the record, we decline to express any opinion upon other questions in the case. It is proper, however, to remark that the rulings of the court and the facts of the case ought to appear by the record, and not be left to rest upon the agreement of counsel outside of the record. And that the court below could not be required to give to the jury an instruction which assumed that the plaintiff was a purchaser "for a valuable consideration," when there was no evidence that he paid value; nor could this court revise the judgment upon the assumption that instructions were given by the court, which the judge certifies in the record that he declined to give.

We are of opinion that the judgment be reversed, and the cause remanded for further proceedings.

Reversed and remanded.