### ANTHONY MURRAY v. THE STATE.

1. The State is not a " party" within the meaning of the constitutional provision permitting " parties" to appoint, by consent, a special judge to try a cause in which the district judge is disqualified to sit. (Constitution of 1869, article 5, § 11.).

2. A district attorney has no authority to consent to the trial of a criminal cause by a special judge.

3. The opinion is expressed that a special judge must take an official oath. This opinion, however, is not involved in the disposition of the present case.

APPEAL from El Paso. Tried below before John G. Atkinson, Esq., sitting as a special judge.

The district judge, it appears, was disqualified, from some cause, from sitting in this case, and by consent of the district attorney and the defendant, it was tried by John G. Atkinson, Esq., as special judge.

The defendant was a colored soldier, and was indicted for the murder of a Mexican. The verdict was murder in the first degree.

*B. F. Williams* and *A. Blacker*, for the appellant.

*Wm. Alexander*, Attorney General, for the State.

WALKER, J.—In this case both the Attorney General and the counsel for defendant agree that the judgment of the district court should be reversed.

It was an indictment for murder, and the district judge being disqualified from trying the case, the record says, "the parties" agreed upon a special judge. We hold that the State is not a "party" within the meaning of the Constitution, who can consent to the trial by a special judge, and the district attorney had no power to consent to such a trial. In certain cases, provided for, the Governor may appoint a special judge to sit.

We need not decide whether it was necessary, in this case, for the person agreed upon to take an official oath.

But it is our opinion that, in all cases where a special judge is appointed, it is imperatively necessary that he should take an official oath, although his duties extend to but one case.

We think there is no doubt that the twelfth section, article one, of the Constitution contemplates this necessity, and if there should be any doubt on this subject, article six, third clause of the Constitution of the United States settles the question. One who acts as a special judge is for that particular case a judicial officer, and the clause referred to requires "that all judicial officers shall be bound by oath or affirmation."

It is said that John G. Atkinson, the gentleman "agreed upon by the parties" to try this case, was not a lawyer, and therefore not a "proper person," in the language of the Constitution, to try the case. The record does not show that he was a person learned in the law, or that he was indeed a proper person. This matter, perhaps, might not necessarily be noticed in this case, but its importance, we think, renders it proper that it should be. The judgment of the district court is reversed and the cause remanded.

Reversed and remanded.