Opinion of the court.

## ROSS DAVIS v. THE STATE.

1. SPECIAL JUDGE.—The district attorney has power to agree with the defendant upon a special judge when the district judge is disqualified from trying the case.
2. Murray v. The State, 34 Tex., 331, overruled.
3. DISQUALIFICATION OF DISTRICT JUDGE.—That the property stolen belonged to the district judge, is not a ground of disqualification to try the party accused of the theft.
4. SPECIAL JUDGE.—Until the contingency happen authorizing the selection by the parties of a special judge, the appointment of one is void.

APPEAL from Goliad. Tried below before the Hon. M. N. Shive, special judge.

Davis was indicted February 6, 1875, for theft of "ten fencing posts, of the value of two dollars and fifty cents, the property of D. D. Claiborne." At the June Term of the court an entry was made in the case on the minutes of the court reciting that "Daniel D. Claiborne, judge of 17th district, being disqualified to sit in this case, being the party alleged to have been injured, and the parties having selected and agreed that M. N. Shive, a member of the bar, should sit in the case as special judge, and he having taken the constitutional oath," &c., the case was continued. At the October Term thereafter defendant was tried and convicted before the special judge, the punishment being fixed at five days' imprisonment and a fine of thirty dollars.

Motions for new trial and in arrest of judgment, for want of authority in the special judge, were overruled, and defendant appealed.

*Lane & Payne,* for appellant.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The record properly recites the ground of disqualification of the presiding judge of the District Court, the agreement of the parties to substitute a spe-

cial judge in his place, and the fact that the special judge took the oath of office before entering upon his duties in the trial of the case.

The district attorney has the power to make such an agreement for the State in a criminal case pending in his district. In such a case the State is a party litigant, and speaks and acts through its appropriate district attorney, the same as any other party does through an attorney.

This power is embraced in the authority expressly conferred on him "to conduct all prosecutions for crimes and offenses cognizable in such court." (Paschal's Dig., art. 182.)

It is simply one of the modes prescribed by the Constitution for the appointment of a judge, when the presiding judge is disqualified to try a particular case, and when necessary and proper in conducting a criminal prosecution in a court in his district it may be done by him, acting for the State in his official capacity and under the responsibilities of his position. (Const. of 1869, sec. 11, art. 5.)

This, it is believed, has been the construction of the Constitution and laws by the bench and bar of this State, as evidenced by a uniform practice in the courts, from the earliest period of our judicial history. The dissent from it, as contained in the single case of Murray *v*. The State, 34 Tex., 331, which held that the district attorney had no such power, will therefore not be followed.

The fact that the presiding judge was the person from whom the property was alleged to be stolen in an indictment for theft, is not a good ground of disqualification, because he is not thereby shown to be "interested" in the "case," not being a party thereto or liable to any loss or profit therefrom, otherwise than as any other person in the body politic. (Const. 1869, sec. 11, art. 5.)

This being the ground of disqualification recited in the record, and thereby it affirmatively appearing that the presiding judge was not disqualified to try the case, it can be

seen by this court that a contingency did not exist which calls into existence the power granted by the Constitution to the parties to the action to appoint a special judge for its trial in that court.

The defendant having made this objection in the motions for new trial and in arrest of judgment, which were overruled by the court below, we are of opinion that the judgment should be reversed and set aside, and that the case should stand in the District Court as if there had been no trial thereof.

.            REVERSED AND REMANDED.