### WILLIAM EARLY *v.* THE STATE.

1. PRACTICE IN THIS COURT — STATEMENT OF FACTS. — In the absence of a statement of facts, this court is limited in its investigation to a consideration of the question whether or not the indictment will sustain the charge and the finding of the jury, and to bills of exception which set forth the whole of the evidence involved.

2. PRACTICE — SPECIAL JUDGE. — The Constitution of this State, Art. V., sect. 11, provides that when the judge of a District Court is disqualified, the parties to a cause may, by consent, appoint a special judge to preside.

3. SAME. — Art. 570, Code of Criminal Procedure, provides that when a district judge is disqualified to try a criminal cause, no change of venue for that reason shall become necessary, but the parties, *or their attorneys,* shall have the right to select an attorney of the court to preside at the trial. This provision does not transcend that of the Constitution above cited.

4. SAME. — In criminal cases the State is a party litigant, and acts and speaks through her attorneys, and they are authorized to consent on her behalf to the selection of special judges to try criminal cases wherein the regular judge is disqualified. *Davis* v. *The State,* 44 Texas, 523, cited and approved, and *Murray* v. *The State,* 34 Texas, 331, overruled on this point.

5. SAME — PRESUMPTION OF LAW. — The entry in the record sets out that, "Now on this day came the State and the defendant, by their attorneys, and the parties by attorney agree that W. H. A., an attorney of this court, shall preside as special judge for the trial of this cause; whereupon the said W. H. A. is now duly sworn according to law as special judge to try this cause." In the absence of anything appearing to the contrary, this court will presume that the regular judge was disqualified by some statutory cause, and that the special judge was selected for that reason, and that the proper oath was administered to him as such judge.

6. MURDER. — EVIDENCE to the effect that the deceased had considerable money prior to his removal to Texas, where he was assassinated, was competent for the State, though remote.

7. SAME. — Whether for the purpose of identifying the deceased, or for other purposes tending to prove the case, the clothing found on the deceased was competent evidence for the State.

8. CONTINUANCE — CASE STATED. — A continuance was asked in order to enable the defendant to procure the attendance of a witness by whom to counteract the effect of anticipated evidence on the part of the State, and also because the mental and physical condition of the defendant was such that he could not endure trial and assist his counsel in the presentation of the case. *Held,* that, in the absence of a statement of facts, this court cannot determine the materiality of the evidence sought by the continuance; and *held, further,* that the application was addressed to the sound discretion of the trial court, whose ruling will not be revised on appeal unless an abuse of the discretion appears to the prejudice of the appellant.

9. EVIDENCE. — It is incumbent on the State to put in evidence only so much of a written document, shown to be in the handwriting of the accused, as is desired by the prosecution; and it is then the privilege of the accused, if he so desire, to put in evidence the whole of the document.

10. CHARGE OF THE COURT. — See instructions held sufficient to inform the jury as to the force and certainty required by law in order to warrant a conviction upon circumstantial evidence.

11. SAME. — If the general charge of the court is substantially correct and suf-

ficient, and applicable to the case, special instructions become unimportant, and refusal to give them is not error.

12. PRACTICE IN THIS COURT. — Without a statement of facts, this court is authorized to assume that the evidence was ample to sustain the charge laid in the indictment.

APPEAL from the District Court of Collin. Tried below before the Hon. W. H. ANDREWS, Special Judge.

This is the second appeal from a conviction of Early in the court below, of murder in the first degree. See 1 Texas Ct. App. 249. The indictment charged the appellant with the murder of Charles M. Winters, in Cooke County, February 24, 1873. The former conviction having been reversed by this court, the appellant was put upon his second trial at the January term, 1880, of the Collin County District Court (the venue, prior to the first trial, having been changed from Cooke), and a verdict of guilty rendered, with the punishment assessed at confinement at hard labor for life in the State penitentiary. No authenticated statement of facts accompanied the record on this appeal, but a statement of the facts proved on the first trial is embodied in the report of that trial. 1 Texas Ct. App. 248.

*Throckmorton, Brown & Bro.*, for the appellant. The court erred upon the trial in refusing appellant's application for a continuance.

The application for a continuance was based upon the condition of appellant's health, which totally disqualified him from aiding his counsel in making his defence. Counsel are expected to aid their clients and represent them in the presentation of their cases, but it cannot be expected that attorneys deprived of the client's aid can fairly represent the facts, the knowledge of which they must derive from consultations during the trial. In this case it appears that appellant, being prostrated from previous protracted illness, and still laboring under the disease, was compelled to proceed with a trial, lying upon his bed, the determination of

which involved his life, and the result of which, if permitted to stand, deprives him of his liberty for life. The gentleman who presided as special judge was, no doubt, desirous to give appellant a fair trial; but, as we believe, unconsciously did him a serious injury by compelling him to proceed to trial in that condition of health, which forbade him to exercise his constitutional right of taking part in his own defence: which does not mean simply that he may engage in the argument before the jury, but to consult with and advise his counsel in the examination of the witnesses. Of what avail was his presence in the court-room, if he was so prostrated by disease as to be unable to take part in his own defence? Better that he had not been present at all. The case was tried upon circumstantial evidence alone, and this court cannot tell what effect the illness of defendant may have had upon the result

To establish express malice, the State relied upon the proposition that defendant slew deceased for the purpose of robbing him. No evidence of the existence of malice was given except this and the manner of killing. Therefore the question, Did Charles Winters have with him money of considerable amount? became and was an important one. The court permitted the evidence of Martin Winters to go to the jury, which tended to show that in the previous year deceased had about $2,500. This was certainly not admissible, because the time was too remote, and the evidence did not tend to show that he had the money with him at the time.

The clothing of the deceased were improperly admitted in evidence to the jury. They might be the means by which the witnesses could identify the deceased, but were not proper to be given to the jury. This character of testimony is always calculated to arouse improper emotions in the mind of a jury. It is also such evidence as cannot be reviewed in this court, and for that reason should have been excluded.

It was the theory of the prosecution, as made manifest by the evidence, that the defendant, after having murdered the deceased, wrote letters with the purpose of misleading his friends. If the body found at Valley View was that of Charles Winters, and defendant knew of his death, then the letters subsequently written by him, referring to Winters being on his way to Kansas, would be most material evidence. Defendant's knowledge of the death of Winters was proved, if at all, by circumstantial evidence, of which the letters written were the most conclusive of all. The introduction of these became of the gravest importance. The principle of law, that when a declaration of defendant, whether written or verbal, is introduced, he is entitled to the whole statement upon that subject, or explanatory of it, is too plain and elementary to require argument or authority. This principle was clearly violated in admitting the sentence, purporting to have been clipped from a letter written by the defendant to James Early, in Iowa, referring to deceased. The witness did not even swear that this was all that the letter contained on that subject. Defendant had no power to produce the remainder of it, and by this ruling a brother of deceased selected such portions as suited his purposes, and, without an opportunity to show the remainder, a detached sentence was thrown into the scale against his life. It is not even shown that the remainder of the letter was not destroyed by witness.

In the sixth clause of the charge the court committed several errors.

First, the court states to the jury that "all of the facts or circumstances necessary to the support of the conviction must be consistent with each other and with the guilt of the defendant, and inconsistent with his innocence." This means that all of the circumstances, taken together, must be consistent with the guilt of the accused, and all of the facts and circumstances, taken together, must be inconsistent with his innocence. No other conclusion could have been drawn

by the jury from this language. The true rule for testing the sufficiency of circumstantial evidence, in a case depending upon it alone, is that each circumstance necessary to a conviction must be consistent with the defendant's guilt, and each inconsistent with his innocence. The third clause of the charge asked by appellant and refused by the court presented clearly the law applicable to the facts, and embodying this principle, to wit : —

"Each material circumstance necessary to a conviction must be consistent with the defendant's guilt, and also must be inconsistent with his innocence. And if from the evidence you can account for any circumstance upon any reasonable hypothesis other than the guilt of the defendant, you must do so." 6 Texas Ct. App. 427 ; 7 Texas Ct. App. 212.

It was the duty of the court to give to the jury appropriate charges as to the weight they should give to such evidence. *Nolen* v. *The State*, 8 Texas Ct. App. 585. In the same clause of the charge the court says that " each material fact and circumstance necessary to a conviction must be established by the evidence beyond a reasonable doubt. But it is not necessary that an immaterial fact or circumstance should be so established." We think this charge tended to confuse the jury, by introducing a distinction between material and immaterial facts and circumstances, without furnishing to them any rule by which they could determine what was material and what was not. In effect, the court said that some of the facts and circumstances in evidence need not be proved beyond a reasonable doubt.

If there were no immaterial facts and circumstances in evidence, the court should not have charged upon it at all. It left the jury a wide field of discretion, without any proper guide.

This court judicially knows that Hon. Joseph Bledsoe is, and at the date of the trial of this case was, presiding judge of the Twenty-seventh Judicial District, embracing Collin

County.    The case was tried before W. H. Andrews, special judge.

We object to the sufficiency of the record, for the following reasons : —

1. The special judge did not sign the minutes of proceedings had before him, as required by law. We have not seen the transcript as perfected, and submit this point for investigation.

2. From the record, showing the selection of W. H. Andrews, it does not appear that defendant was present, or agreed to such selection. The agreement was by counsel. The Constitution provides that " parties " may agree. This was prior to the time the present Code of Procedure went into effect.

3. It does not appear from said record that the special judge took the oath of office. The order recites that he was sworn according to law.

It does not appear that the Hon. Joseph Bledsoe was disqualified to preside in this cause, and the parties had no authority to substitute another for him, except in the cases prescribed by the Constitution and laws.    Rev. Stats., art. 1093.

The facts in this case are voluminous, and we will not present an argument upon them ; but we invite the investigation of them by the court, confident that, from the evidence, no conclusion which excludes a reasonable doubt can be drawn, and that the evidence will not be found sufficient to support the verdict.

*Woods & Cowles*, and *R. De Armond*, also for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.    The indictment, which was returned into the District Court of Cooke County, charges the defendant

with the murder of one Charles M. Winters, alleged to have been committed in Cooke County, Texas, on February 24, 1873. In March, 1874, the venue was changed to Collin County, on application of the defendant. A trial was had before W. H. Andrews, Esq., special· judge selected for the trial, which resulted in a verdict and judgment of conviction of murder in the first degree, the punishment being assessed at confinement at hard labor for life in the State penitentiary. On the overruling of a motion for a new trial this appeal is prosecuted.

It is claimed on behalf of the appellant that several errors were committed on the trial of the case in the court below, for which the judgment should be reversed. We are, however, not at liberty to consider many of these supposed errors, for the want of a statement of the facts proved on the trial below. It is true there is in the record sent up a voluminous document, covering almost a hundred pages of the transcript, and which is denominated a statement of facts; but this document is wanting in the approval and signature of the special judge who presided at the trial, and being so wanting, it is not so authenticated that we are at liberty to consider it for any purpose whatever in our consideration of this appeal. In the absence of a statement of facts, an investigation is limited to a consideration whether the indictment will sustain the charge and the finding of the jury, and to bills of exception which present the entire evidence in question. In other words, does the record before us develop the fact that the defendant has been tried and convicted in conformity to the Constitution and laws?

It is urged in the brief and oral argument for the appellant that the occasion for the appointment of a special judge is not shown by the record, — that is, that it does not appear that the regular judge was disqualified, — and it is further insisted that the constitutional oath was not administered to the special judge. The entry on this subject is set out as follows: " Now on this day came the State and

the defendant, by their attorneys, and the parties, by attorney, here in open court agree that W. H. Andrews, Esq., an attorney of this court, shall preside as special judge for the trial of this cause ; whereupon the said W. H. Andrews, Esq., is now duly sworn according to law as special judge to try this cause." The State Constitution provides that when a judge of the District Court is disqualified, the parties may, by consent, appoint a proper person to try the cause. Art. V., sect. 11. By the Code of Criminal Procedure, art. 570, it is provided : "If a judge of the District Court shall be disqualified from sitting in any criminal action pending in his court, no change of venue shall be made necessary thereby ; but the parties, or their counsel, shall have the right to select and agree upon an attorney of the court to preside as special judge in the trial thereof." This article of the Code will, on examination, be found to be a substantial reproduction of the provisions of the act of August 15, 1876. Sess. Acts 1876, p. 141. In the absence of anything appearing to the contrary, we will presume that the regular judge was disqualified from some one of the causes of disqualification enumerated, and that on that account the special judge was selected for the trial, and that the proper oath was administered to him as such judge. It is noticed that the Constitution gives the selection of a special judge to "the parties," while the Code and the act of 1876 confer it upon the parties or their counsel. We are of opinion that authority is found in the Constitution for the enlargement made by the Legislature. If this authority had been placed in the Bill of Rights, or if the grant had been limited expressly to the parties, and no others, then there might be some question as to the right of the counsel to select a special judge. Such, however, is not the case ; and, generally, counsel in court are allowed to speak for and to bind their clients by their agreements.

It is true that in *Murray* v. *The State*, 34 Texas, 331, it was said that the State is not a party who can consent to a

trial by a special judge, and that the district attorney had no power to consent to such a trial. But the ruling in Murray's case was overruled by the later decision of *Davis* v. *The State*, 44 Texas, 523. In this latter case it is said that " the district attorney has the power to make such an agreement for the State in a criminal case pending in his district. In such case the State is a party litigant, and speaks and acts through its appropriate district-attorney, the same as any other party does through an attorney." The statements in the record, strengthened by the legal presumptions in favor of the correctness of proceedings in court, are sufficient on the subject of selecting the special judge.

Several bills of exception were taken to the ruling of the court on the evidence, but in most instances the testimony is not set out at length so that we can consider its materiality without reference to a statement of facts. In bill of exceptions No. 1 it is shown that a witness had testified as to money had by the deceased prior to his coming to Texas. The testimony was remote, it is true; still, we do not see that it was not admissible for what it was worth in the estimation of the jury. By bill of exceptions No. 2 it seems that the prosecution introduced in evidence, over objection of defendant, certain clothing, consisting of an overcoat, coat, pants, vest, hat, etc. The objection to this evidence was that the clothes were not proper instruments of evidence, and could not be made a part of the record and submitted for inspection on appeal. In speaking with reference to this testimony, counsel for the appellant say in their brief: " The clothing of the deceased was improperly admitted in evidence to the jury. They might be the means by which the witness could identify the deceased, but were not proper to be given to the jury. This character of testimony is always calculated to arouse improper emotions in the mind of the jury. It is such evidence as cannot be reviewed in this court, and for that reason should have been excluded."

We are not specially advised by the record whether this evidence was introduced for the purpose of identifying the deceased or not; but whether for this purpose or for any other purpose tending to prove the case, we are of opinion the State was entitled to it. *Hubby* v. *The State*, 8 Texas Ct. App. 597, and authorities there cited; 1 Stark. on Ev. 66.

In another bill of exceptions, and in a motion made by the defendant for a continuance, is presented about this state of case: A continuance was sought in order to obtain a witness, one Staples, by whom the defendant expected to counteract the effect of certain circumstances expected to be proved as to the pecuniary condition of the deceased, and certain statements made by the defendant to Staples, etc.; and because the defendant, at the time his case was called for trial, was unable, mentally and physically, to attend the trial, and to enable him to so assist his counsel as that they could fully present his case to the court and jury. From a careful examination of the application and the evidence adduced in support of it, and of the reasons given by the judge in refusing it, we cannot say that the court erred. In so far as the application relates to the absent witness, we cannot determine, in the absence of a statement of facts, whether it was material or not. It does not appear from the face of the application what proof by the State it was intended to counteract the effect of; and as to the condition of the defendant, the result showed the correctness of the judge's ruling on the application for a continuance. The question whether a continuance should have been granted, or not, was addressed to the sound discretion of the court, and from the record before us we do not see that that discretion was abused to the defendant's prejudice.

There are other questions arising upon the evidence, one of which will be noticed. It is stated in a bill of exceptions that a State's witness testified that the paper containing the following language: " Charley's going through with a drove to some point in Western Kansas, when he will re-

turn to Iowa ; he says he expects to make Texas his home,'' was cut from a letter in the possession of James Early, signed by William Early, and was in William Early's hand-writing.   The State's counsel then offered to read the said paper in evidence to the jury, to which the defendant ob-jected, (1) because it was separated from the remainder of the letter ; (2) because of its being a mutilated document ; and (3) because there is no proof of the remainder of the letter from which this was taken.   The court overruled the objections, and the defendant excepted to the ruling.   In our opinion, the objections were not well taken.   It seems that the witness had testified that the paper offered in evi-dence was taken from a letter in the handwriting of the defendant.   It was only incumbent on the State to intro-duce so much of the writing as was desired by the prosecu-tion, and if this was not the whole of the writing, it was the privilege of the other party to put in evidence the whole on the same subject, agreeably to art. 751, Code of Criminal Procedure.   If the defendant was deprived of any benefit aris-ing from the non-production of the entire letter, he should have looked to that for himself.   We can only imagine that the contents of this paper were designed to allay suspicion on the part of the friends of the deceased.   From various por-tions of the record, and particularly from the charge of the court and the argument of the appellant's counsel, we are led to conclude that the evidences of the defendant's guilt were almost, if not entirely, circumstantial.   In such a state of case, the latitude allowed both parties in the intro-duction of testimony must, of necessity, be greater than in cases depending upon direct evidence.   Hence the difficulty of measuring the evidence, as to its materiality, in the ab-sence of a statement of facts.   In the condition of the record we do not find from the bills of exception, and from such of the evidence as is therein set out, that there was any error committed by the court in its rulings upon the evidence.

The charge of the court is complained of by the appel-

lant's counsel, and principally, as we judge from charges asked by the defendant, those portions which relate to circumstantial evidence. We quote a portion of the judge's charge: "A defendant, charged with a crime, may be convicted by circumstantial evidence alone; but all the facts or circumstances necessary to the support of the conviction must be consistent with each other and with the guilt of the defendant, and inconsistent with his innocence; and every fact and circumstance that is necessary to support a conviction must be established by the evidence beyond a reasonable doubt. But it is not necessary that an immaterial fact or circumstance shall be so established; but all the facts and circumstances, taken together, must lead the minds of the jury to a satisfactory conclusion that the offence was committed as charged, and that the defendant is the party who did it. The test of the sufficiency of the evidence to exclude a reasonable doubt is its sufficiency to satisfy the mind and conscience of a common man so that he would venture to act upon that conviction in matters of the highest concern and importance to his own interest. The evidence adduced upon the trial, after being thoroughly weighed and compared in all its parts, giving it that natural and reasonable construction most consistent with human experience, must enable you to say you have abiding conviction, to a moral certainty, that the defendant is guilty of the charge, in order to justify a conviction." These instructions are not so worded as to commend them as models to be followed; still, we are of opinion that they are sufficient to inform the jury as to the force and certainty required by law in order to warrant a conviction upon circumstantial testimony alone. *Hunt* v. *The State*, 7 Texas Ct. App. 212, and authorities there cited. The charge on murder in the first degree is deemed sufficient. That portion of the charge which seeks to explain the meaning of a reasonable doubt is not, we think, calculated to mislead the jury or prejudice the rights of the defendant; still, we are of opinion

the charge makes the subject no plainer than it is made by the statute, which is less likely to confuse than are attempts to explain in what a reasonable doubt consists. As to the charges asked by the defendant and refused by the court, we cannot say they are free from objection ; but, whether so or not, the general charge of the court being substantially correct and sufficient, and being applicable to an ordinary case of murder in the first degree, the special charges became unimportant, and the court did not err in refusing them.

We have examined the case with all the care its importance seems to demand, and without discovering or having had pointed out to us any such error as would warrant an interference with the verdict and judgment. Without a statement of facts or adequate bills of exception, this court, on appeal, will only consider whether the indictment will sustain the charge and the finding of the jury. *Davis* v. *The State*, 6 Texas Ct. App. 196. That this is a settled rule of practice on appeal, see cases decided both by the Supreme Court and this court, and collated in *Longley* v. *The State*, 3 Texas Ct. App. 611. For the several articles of our Codes on the subject of preparing a statement of facts, see *Babb* v. *The State*, 8 Texas Ct. App. 173. In the present case the indictment is deemed sufficient to support the verdict of the jury and the judgment of the court. The charge of the court, as we have seen, is substantially sufficient. We are authorized, in the absence of a statement of facts, to presume that the evidence was sufficient to support the charge in the indictment. *Booker* v. *The State*, 4 Texas Ct. App. 564 ; *Davis* v. *The State*, 6 Texas Ct. App. 196.

The main grounds set up in the motion for a new trial are the same as those already discussed, and we see no error of which the appellant can complain in the refusal of the court to grant a new trial, whether considered alone or in connection with the affidavits on file. Finding no material

error in the proceedings, it only remains for us to say that the judgment must be affirmed, and it is accordingly so ordered.

*Affirmed.*

HURT, J., having been of counsel in the court below, did not sit in this case.