W. McFADDIN ET ALS. v. J. EARL PRESTON ET AL.

(Case No. 1256.)

1. CONTINUANCE.— Parties are chargeable with notice of the materiality of each link in their chain of title, and the trial of a cause will not be postponed to procure absent testimony of that character, unless due diligence has been used to procure it.

2. TRIAL BY JURY.— If a party to a civil suit fails to demand a jury on the first day during the term on which the docket is called for the purpose of granting applications for juries, he cannot, as a matter of right, afterwards demand that his case shall be tried by a jury.

3. DISQUALIFICATION OF JUDGE.— A mere interest in the question involved in a suit pending, there being no actual interest in the subject matter of litigation, does not disqualify a judge from sitting on the trial of a cause under art. V, sec. 11 of the constitution.

4. EVIDENCE — DEED — STATUTES CONSTRUED.— Under article 2257 of the Revised Civil Statutes, the necessity of proving a deed offered in evidence as at common law, can only be obviated by first having it recorded in the office of the clerk of the proper county after being proven or acknowledged in the manner provided by law, and then filed among the papers of the cause and three days' notice given to the opposing party, etc. The notice of an intention to use the deed in evidence, given before its registration, is not sufficient.

APPEAL from Jefferson.    Tried below before the Hon. H. C. Pedigo.

Suit brought in the district court of Jefferson county by appellees Preston and Smith, in trespass to try title, for the recovery of a league of land in the possession of appellants.

Appellants answered by general demurrer and plea of "not guilty."

Judgment was rendered in favor of appellees for the whole of the land sued for.

A deed from the original grantee, Joseph Butler, to David Brown, for further description of the league referred to a plat thereto annexed.    The deed, an authentic act, certified by the primary judge before whom it was made, had been without such plat recorded in Jefferson county on April 15, 1841, and though describing the land as the league granted to Joseph Butler, without the plat is indefinite as to the locality of the land.    The continuance upon first application was sought to procure a certified copy of the deed with the plat which was a part of it, from the clerk of the county court of San Augustine county.    No special reason was shown why this had not been procured before the application was refused.

Upon the refusal of the continuance on Wednesday, the 17th of November, A. D. 1880, and the third day of the first week of the term of four weeks (the court having actually begun on Tuesday, 16th, by impaneling a grand jury, calling the docket and forming the jury calendar), the defendants demanded a trial by jury and paid to the

clerk the jury fee, whereupon the court refused to permit a jury to be called, and tried the cause both as to the law and the facts.

Appellees offered in evidence on the 18th day of November, 1880, a deed from J. H. Collet to J. Earl Preston, for an undivided half of the Joseph Butler league, dated May 18, 1878. That deed and others had been filed on the 19th of May, 1880, and the attention of appellants' counsel called thereto by counsel for appellees. Afterward it was discovered by appellees' counsel at the May term, 1880, that there was no seal of the notary affixed to his certificate of acknowledgment of the deed, and the cause was continued by consent. Afterward the deed was withdrawn from the file without leave of the court, transmitted to the notary at Austin, Texas, and the seal affixed.

On the 15th of November, 1880, being the first day of the term of the trial, the deed was for the first time recorded in Jefferson county, and was afterward placed back in the cause without notice to appellants of these facts, or notice of refiling. Appellants objected to the deed: first, that they had not had legal notice of the filing of the deed; second, that there was no proof of the execution of the deed. The objections were overruled.

On the trial of the cause it was announced by the judge presiding, that he was embarrassed because of his personal interest adverse to appellants, in the questions involved in this cause, though no personal interest in the subject matter of the litigation was suggested. Whereupon appellants moved the court to suspend the trial that the parties might, by agreement or otherwise, procure another judge not thus circumstanced. Which motion being overruled, defendants excepted.

A number of questions were raised on the trial below, and ably discussed in briefs of counsel here, which will not be noticed in view of the opinion.

*O'Brien & Johns*, for appellants.

*T. Russell*, for appellees.

BONNER, ASSOCIATE JUSTICE.— We do not deem it necessary to dispose of all the errors assigned in this case.

1. The court did not err in overruling defendants' application for a continuance. The alleged map for which the continuance was sought, was a part of their chain of title, and though they were chargeable with notice of its materiality, no sufficient diligence was shown to obtain it.

2. Neither was there, under the circumstances, error in refusing the defendants the right of trial by jury.

The statute in force provides that no jury trial shall be had in any civil case unless application therefor be made in open court on the first day of the term, on the call of the docket for this purpose. R. S., §§ 3060–3066.

Tuesday, the sixteenth, was practically the first day of the term, and the defendants having then failed to demand a jury, they were not subsequently entitled thereto, at least without a sufficient excuse shown why the demand was not made in due time.

3. The constitution prohibits a judge from sitting in a case in which he may be interested. Const. 1876, art. V, sec. 11.

The statute is to the same effect. R. S., art. 1090.

The interest of the learned judge presiding, however, was simply in the question involved, and not in the result of the suit. This was not such disqualifying interest as would prevent him from trying the cause, or would authorize the appointment of a special judge.

The presiding judge not having been disqualified, it was his duty, however embarrassing, to have proceeded with the trial. Taylor *v.* Williams, 26 Tex., 583; Railway Co. *v.* Ryan, 44 Tex., 426; Davis *v.* The State, 44 Tex., 523; 1 Greenl. Ev., § 389.

4. We are of opinion, however, that there was error in permitting the deed from Collet to Preston to be read in evidence over the objection of defendants, for which the judgment must be reversed.

Its execution was not attempted to be proven as at common law, and the statute dispensing with this was not complied with. R. S., art. 2257.

This statute, with the exception that it requires three days instead of one in which to file affidavit of forgery, is a copy of that of 1846. Pasch. Dig., art. 3716; O. & W. Dig., art. 469.

Under the last named statute, it has been decided that the instrument sought to be introduced in evidence must, before it was filed for this purpose and notice given, have been recorded. Gaines v. Ann, 26 Tex., 340; Holliday v. Cromwell, 26 Tex., 188; Wiggins v. Fleishel, 50 Tex., 62; Butler v. Dunagan, 19 Tex., 559; Crayton v. Munger, 11 Tex., 234.

We are asked to review and overrule these decisions. A careful inspection of the statute will show that they are correct. It provides that "Every instrument of writing which is permitted or required by law to be recorded in the office of the clerk of the county court, and which has been or may be so recorded, after being proven or acknowledged in the manner provided by the laws in force at the time of its registration, shall be admitted as evidence without the necessity of proving its execution;" provided that it is filed among the papers of the suit, and at least three days notice given, etc.

Counsel misconstrues the above clause, which reads, "and which has been or may be so recorded." This was evidently intended to expound the operation of the statute so as to embrace both those instruments which had been recorded previously as well as those subsequently to its passage, and should be construed as though written — and which has heretofore or may hereafter be so recorded.

If it be admitted that the statutory notice of the filing of this deed had been given, the deed was not at the time properly authenticated even for record, and it is not pretended that it had been then recorded.

Under the circumstances, the defendants were chargeable only with notice of an intention to read the deed as then presented, and not as changed by subsequent authentication and record.

REVERSED AND REMANDED.

[Opinion delivered February 4, 1881.]