M. M. CLACK v. TAYLOR COUNTY.

(No. 2254.)

APPEAL from Taylor County. Opinion by WHITE, P. J.

*(Transferred from Austin.)*

SPOONTZ & LEGETT, counsel for appellant.

BENTLEY & BOWYER, counsel for appellee.

§ 201. *Judge; disqualification of; case stated.* The commissioners' court of Taylor county established two public roads upon land claimed by appellant, and paid appellant $300 as his damages for taking said land for said purpose. It turned out that the land did not belong to appellant, but to one Murray, who proved his title thereto, and thereupon the county was compelled to pay said Murray, the real owner of said land, damages for taking the land for said roads. The county then brought this suit against appellant to recover back the $300 paid him, alleging that the same had been obtained by him by means of fraudulent and false representations. There was a trial by jury, and a verdict and judgment for the county. At the trial the appellant made a motion, under articles 1138 and 1139 of the Revised Statutes, to have the cause transferred to the district court, because of the dis-

qualification of the county judge to try the same. The grounds of said motion are as follows: "The judge of the court is the presiding officer of the commissioners' court of Taylor county, Texas, and is the person with whom the principal part of the negotiations between plaintiff and defendant were conducted about the opening of said roads, and is the most material witness for plaintiff in the case. Defendant further says that the judge of this court is prejudiced against him, and that he caused this suit to be instituted against him, and has advised with the attorneys representing the plaintiff about the same as an attorney, and has on a great many occasions expressed the opinion that plaintiff should recover of defendant in this action. That he has advised with the commissioners' court of said county as an attorney, and given them his opinion as such, and has in various other ways rendered himself, both in law and equity, disqualified from presiding fairly and impartially in this cause." This motion was overruled, to which ruling appellant saved a bill of exceptions, in which is incorporated the testimony of the trial judge as follows: "I am county judge of Taylor county, and was when the negotiations with the defendant about opening the roads through his farm were had. I was present and took part in all of said negotiations, and am familiar with all the facts connected with the same, and I am an important witness for the plaintiff in this cause. The plaintiff relies on my testimony with that of others to make out its case. My opinion is, that in said transaction with defendant he perpetrated a fraud on the plaintiff, and I have so advised the commissioners' court. I believe that plaintiff has a cause of action against defendant, without further investigation. My mind is made up on the facts and law of the case, and I am satisfied that plaintiff ought to recover. I am not an attorney in the case, and all my action in it has been as county judge of Taylor county. I have not managed the case, but at the last term of the court, when the county attorney, Mr. Hardwick, made

an agreement with the attorney of the defendant to continue the cases, I refused as judge of the court to be governed by said agreement, and told Mr. Hardwick he must go to trial. He refused to do so, and withdrew from the case, and I got down off the bench and called the commissioners' court together and employed Mr. Bowyer to represent the county in this case." *Held:* The constitutional rule, and which has been incorporated into the statute, is, that no judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him by affinity or consanguinity, within the third degree, or where he shall have been of counsel in the case. [Const. art. 5, sec. 11; R. S. art. 1138.] In Taylor v. Williams, 26 Tex. 583, it was held that "a district judge can be disqualified from sitting in a case, only by some one or more of the causes specified in the constitution. The interest which disqualifies a judge from sitting in a case does not signify every bias, partiality or prejudice which he may entertain with reference to the case, and which may be included in the broadest sense of the word "interest," as contradistinguished from its use as indicating a pecuniary or personal right or privilege in some way dependent upon the result of the cause." Even in a criminal case, where the property stolen belonged to the trial judge, that fact was held not to disqualify him from trying the case, Roberts, C. J., saying, "the fact that the presiding judge was the person from whom the property was alleged to be stolen, in an indictment for theft, is not a good ground of disqualification, because he is not thereby shown to be 'interested' in the 'case,' not being a party thereto, or liable to any loss or profit therefrom, otherwise than as any other person in the body politic." [Davis v. State, 44 Tex. 523.] And this court has held that where a county judge is a mere nominal party in actions to recover for breach of statutory bonds made payable to himself, he has no such "interest" in the subject-matter involved as renders him incompetent to try such cases. [W. & W. Con. Rep.

§ 304; 2 W. Con. Rep. § 260.]   The tests are, pecuniary interest, relationship, or whether he has been of counsel in the case.   If he has been of counsel in the case, or, as an attorney, has been consulted and given advice, he cannot afterwards sit as a judge in the case, even though he charged no fee for his advice.   [Slaven v. Wheeler, 58 Tex. 23.]   In this case the county judge testified that he was not an attorney in the case, but that in all he said and did about it he acted only in his official capacity of county judge.   We must hold that the county judge was not disqualified from sitting in the case, and did not err in refusing to transfer the case to the district court.

§ **202.** *Money paid under mistake of fact may be recovered back.*   The county having paid appellant the money, under a mistake of fact, and appellant having contracted that such fact existed, when it did not, that is, having represented that he owned the land, when in fact he did not own it, the county was entitled to recover back the money so paid.   [City Bank v. National Bank, 45 Tex. 203; Pendarvis v. Gray, 41 Tex. 326; Aston v. Richardson, 51 Tex. 1; Smith v. Fly, 24 Tex. 345.]

December 4, 1886.                          Affirmed.