## HENRY R. MEYERS ET AL. V. BLOON, COHN & CO.

Decided February 11, 1899.

**1. Disqualification of Judge.**

A county judge is not disqualified to try an action brought to rescind a sale induced by false representations by the fact that he is counsel for another person who has a suit pending in the district court against the same defendant to rescind another sale because of false statements as to his solvency by such defendant. Rev. Stats., art. 1129.

**2. Attorney's Lien—Fraudulent Purchase—Rescission.**

The lien of an attorney on a stock of goods for legal services already rendered, relating to them, taken without knowledge that his client had bought them on credit and by false representation, has priority over the seller's right to rescind the sale and reclaim the goods, but such priority does not obtain as to the value of any part of the services rendered after notice of the fraud.

**3. Evidence to Show Fraud and Financial Condition—Commercial Agency Reports.**

Reports from commercial agencies as to a merchant's financial condition are not admissible in evidence against him in action to rescind a sale to him because of his false representations as to his financial condition, unless it is shown that the statements in the reports were made by him; but error in their admission as evidence is cured by his own subsequent admission that he made the statements.

**4. Fraud—Rescission—Commercial Agency Reports.**

In an action to rescind a sale of goods for fraud, it was error to charge that if the reports of his financial condition made by defendant to the commercial agencies, in reliance upon which plaintiff had sold him the goods on credit, were false, the jury should find for plaintiff, since there might be discrepancies between his true financial condition and his statements thereof not materially affecting his solvency, and this was for the jury to determine.

**5. Replevin Bond—Judgment Upon Must Show Value of the Property.**

A judgment against the parties liable upon a replevin bond must show the value of the several items of the replevied property at the date of the trial.

APPEAL from the County Court of Camp. Tried below before Hon. SAM SNODGRASS.

*Sheppard & Jones,* for appellants.

*Zachry & Heath,* for appellees.

RAINEY, ASSOCIATE JUSTICE.—This suit was brought by appellees against H. R. Meyers and J. F. Jones to recover certain goods which the said Meyers had purchased from the appellees. Appellees alleging that the sale of said goods to Meyers was procured through false and fraudulent representations made by said Meyers to R. G. Dun & Co. and to the Credit Clearing House, commercial agencies to which appellees were subscribers. Subsequent to said purchase the said Meyers conveyed to appellee J. F. Jones the stocks of goods, wares, and merchandise in trust, to secure certain creditors named therein, the firm of Shepard & Jones, of which J. F. Jones is a member, being one of said creditors. Appellees caused a writ of sequestration to be issued and the goods claimed by it seized by virtue of said writ, which were replevined by said Jones, trustee. On a hearing, judgment was rendered against Meyers and Jones and the sureties on the replevin bond, from which judgment this appeal is prosecuted.

The first assignment complains of the court in holding that he was not disqualified to try this case. The ground of disqualification urged is, that the court is a partner of one M. M. Smith in the practice of law under the style and firm name of Snodgrass & Smith, and that they now have in their hands a claim for prosecution to judgment in a suit pending in the District Court of Camp County against the defendant in favor of Wertheimer, Schwartz Shoe Company, in which plaintiffs are attempting to recover certain goods alleged to have been procured through false and fraudulent representations of the said Meyers, about which transaction said Snodgrass had publicly expressed his opinion that the said Meyers had made to the mercantile agencies false statements, and had obtained said goods fraudulently by reason thereof. In approving the bill of exceptions taken to the court's ruling the court appended this explanation: "I approve this bill with the explanation that I, in connection with M. M. Smith, represent Wertheimer, Schwartz Shoe Company in a trial of a case in the District Court in which H. R. Meyers and others are sued for goods bought by Meyers from our clients. We base our claim on a statement made to Wertheimer, Schwartz Shoe Company by Meyers as to his financial condition, as well as statements made to the commercial world. I do not know whether the same questions of law and facts are involved in both cases or not. I have never expressed publicly or otherwise an

opinion as to the falsity of the statements made by Meyers, except in the prosecution of our claim in the District Court."

Article 1129, Revised Statutes, provides that "no judge of the county court shall sit in any case wherein he may be interested or where he has been the counsel, or where either of the parties may be connected with him by affinity or consanguinity within the third degree." In order to disqualify a judge on the ground of interest, there must be an actual interest in the subject matter of litigation. McFaddin v. Preston, 54 Texas, 403. The evidence in this case fails to show that the trial judge was in any way interested in the subject matter of this case or in the result thereof. Nor is it shown definitely that the same question arises in this case that is involved in the other in which he is counsel, and if even so, a decision in this case would not effect the other. In Glasscock v. Hughes, 53 Texas, 461, it was held that the judge trying the case who had acted as attorney for a part owner of the survey of land in litigation, but who was not interested in the suit pending, was not disqualified by reason thereof. Under the above decisions and the facts it was not error in the court to hold himself qualified to try the case.

The second assignment of error complains of the court in sustaining a demurrer to the answer of the defendant Jones. The record fails to show any action taken upon the demurrer by the court, and this assignment would not be considered except the case will be reversed for the reasons hereinafter stated, and in view of another trial we think it best to discuss the question as though it had been properly raised. The answer of Jones in effect is, that Shepard & Jones were employed by the said Meyers to prepare and defend the deed of trust at a fee of $500; that the said Shepard & Jones are among the preferred creditors named in said trust deed and that they did accept under said trust deed, and that they did prepare the said trust deed and are defending it according to their contract; that the defendant Meyers was in possession of the goods, and that the said Shepard & Jones took the mortgage lien on said goods and rendered the service to the said Meyers without knowledge of the plaintiff's rights, if any, in said goods, etc. We think the court erred in sustaining the demurrer to this answer. If plaintiffs sold the goods relying upon false and material statements made by Meyers, they would be entitled to recover, subject to the rights of innocent third parties. If Shepard & Jones rendered professional services for Meyers on the faith of being secured by a lien on the goods without notice of plaintiff's rights, then to the extent of the value of the services performed under the contract they would be entitled to recover. If all the services they contracted to perform had not been rendered before notice of plaintiff's claim, and if plaintiff is entitled to recover, then Shepard & Jones could not recover for services rendered thereafter under said contract, but would only be entitled to recover the value of the services rendered before notice, which would be such proportion of the sum agreed to be paid as the value of the services rendered would bear to the whole amount.

Morton v. Lowell, 56 Texas, 643; Durst v. Daugherty, 81 Texas, 650; 1 Beach on Modern Eq. Jur., sec. 328; Tied. on Sales, sec. 329.

Nor do we think that the goods in controversy should be burdened for the whole amount of Shepard & Jones' claim, as it appears that Jones, as trustee, holds other goods that are subject to their claim.

While the goods held by Jones in trust are subject to the payment of said claim, yet if he holds other goods belonging to the said Meyers out of which said claim can be made, we think under proper pleadings the appellees would have the right to have the other goods in his hands exhausted before resorting to the goods in litigation, provided the equities under the situation will permit. What is here said is based upon the theory that the goods held by the trustee Jones are goods of Meyers, and that Shepard & Jones have a superior lien thereon by virtue of the deed of trust to the other creditors preferred.

In adjusting the equities on another trial, the trial court must be governed by the pleadings and the facts proven on the trial, as we are unable to determine from the facts before us the exact condition of affairs.

We think the court erred in allowing plaintiffs, over defendant's objection, to introduce in evidence copies of statements received by plaintiffs from R. G. Dun & Co. and the Credit Clearing House, without showing that said statements were made by said Meyers. This error was harmless, however, as the defendant Meyers in his testimony stated that he had made such statements to said agencies.

We think the court erred in admitting the letter written to W. C. Hargroves by Meyer, Bannerman & Co., and the reply of said Hargroves thereto, as it was irrelevant, immaterial, and shed no light on the issues in this case.

We think the court erred as complained of in the eighth assignment of error in charging the jury in effect, that if Meyers, prior to the shipment of the goods to plaintiffs, made statements to the said mercantile agencies which showed "his assets to be $7850, and his liabilities to be $1855; and that his assets exceeded his liabilities $5955; and if they further believe that said statements were untrue, that is, that the same did not correctly state the financial standing of the said Meyers, and that the same was made as a base of credit in the commercial world, and that plaintiffs were furnished with copies of said statement by said mercantile agencies, of which companies they were subscribers, and if they further believe from the evidence that plaintiff shipped said goods solely upon the faith and credit of said statements, if any, that is, the plaintiffs believed and relied on said statements, if any, and but for the same would not have shipped said goods, then and in that event, if you so believe, you will find for plaintiff, etc. The plaintiff's case depended upon the falsity of the statements referred to in the charge. It is contended on the other side that the discrepancies between the statements made and the facts as existing were immaterial and did not affect Meyers' solvency. The court in its charge assumed that if the statement was incorrect

that such would authorize a recovery. Whether or not the discrepancies were material was a question for the jury, and should have been submitted to them upon proper instructions for determination.

The seventeenth assignment of error is as follows: "The court erred in rendering a judgment against the defendant, J. F. Jones, and W. C. Hargrove and J. A. Smith, sureties on his replevy bond, because there was no proof offered on the trial of this cause of the value of the goods replevied on the date of the trial of this cause, February 11, 1898, and because there was no finding in the verdict by the jury of the separate value of the various articles, so that the defendant, J. F. Jones, could satisfy said bond with the return of the property." This assignment is well taken.

The value of the property at the date of trial forms the basis for verdict and judgment against the principal and sureties on the replevin bond, and proof of its value at the time should have been made. Watts v. Overstreet, 78 Texas, 571; Investment Co. v. Shelton, 8 Texas Civ. App., 550; Filgo v. Bank, 38 S. W. Rep., 237.

The verdict and judgment should find the value of the several items of property replevied, as the judgment may be satisfied in whole or in part by a return of the entire property or part thereof, as the case may be. Cook v. Halsell, 65 Texas, 1; Herder v. Schwab, 37 S. W. Rep., 784.

We deem it unnecessary to discuss the other assignments of error.

For the reasons indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*